**In the Matter of Stephen K. THIELKING, Debtor.**

**Bankruptcy No. 93–2574–C H.**

United States Bankruptcy Court, S.D. Iowa.

Feb. 9, 1994.

Michael L. Jankins, Des Moines, IA, for debtor.

Robert B. Hanson, Des Moines, IA, for creditor G. Dean Garland and receiver Richard W. Kemler.

Deborah L. Petersen, Council Bluffs, IA, Chapter 7 Trustee.

## ORDER—MOTION FOR RELIEF FROM STAY

RUSSELL J. HILL, Bankruptcy Judge.

Hearing was scheduled on the Motion for Relief From Stay on November 19, 1993. Debtor, Stephen K. Thielking, was represented by his attorney Michael L. Jankins. Creditor, G. Dean Garland, and Receiver, Richard W. Kemler, were represented by attorney Robert B. Hanson. Deborah L. Petersen appeared as the Chapter 7 trustee. At the conclusion of the hearing, Judge Jackwig reassigned this case to the undersigned and gave the parties opportunity to request further written or oral argument by November 30, 1993. Counsel for Kemler so requested an opportunity to add to the written record and filed a Response to Debtor's Memorandum in Support of Objection to Lift Stay on December 10, 1993. The Court now considers the matter fully submitted.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). The Court, upon the review of the record, now enters its findings and conclusions pursuant to Fed.R.Bankr.P. 7052.

## FINDINGS OF FACT

1. On March 4, 1987, the Iowa District Court for Marshall County entered judgment in favor of G. Dean Garland and against Capital Resources Corporation, Paul W. Thielking, A.P.W. Thielking, Nick Feilen, the Debtor Stephen K. Thielking, Armin F. Thielking, Paul M. Thielking, John Thielking, and John L. Henss.

2. On March 24, 1989, the Iowa District Court for Marshall County found that certain transfers of property and the rights to income by Defendants, their professional corporations, and their E.S.O.T.s were constructively fraudulent. The Court then entered an order imposing a constructive trust in favor of G. Dean Garland upon certain assets of the Debtor's professional practice and appointed a receiver to value those assets and to direct the liquidation of property up to the amount of the constructive trust.

3. Subsequently, Richard W. Kemler was appointed as receiver and began attempting to garnish certain bank accounts and accounts receivable of Debtor, S.K. Thielking, C.P.A., P.C., Stephen K. Thielking, C.P.A., P.C., Oden & Thielking, C.P.A.'s, P.C., and Oden, Henss & Thielking. These garnishments were performed pursuant to the orders of the Marshall County District Court.

4. On October 10, 1993, Debtor filed a voluntary petition for bankruptcy relief under Chapter 7.

5. Thereafter, all garnishments were released against the Debtor, individually. However, garnishments against the corporate entities remain in place.

6. Debtor holds no ownership interest in the professional corporations or the property currently subject to garnishment.

## DISCUSSION

Kemler brings this Motion From Relief From Stay to permit him to proceed with his duties as the appointed receiver including, but not limited to, the garnishment of bank accounts, accounts receivable and such other property as he may locate belonging to S.K. Thielking, C.P.A., P.C., Stephen K. Thielking, C.P.A., P.C., Oden & Thielking, C.P.A.'s, P.C., and Oden, Henss & Thielking. He argues that the garnishment of the professional corporations are not subject to the automatic stay provisions of § 362 as the Debtor has no ownership interest in the professional corporations or the assets. He also contends that the imposition of the constructive trust granted Garland a distinct, equitable, and beneficial interest in the assets of

the corporations. Alternatively, Kemler requests that if the Court finds the garnishments are subject to the automatic stay that relief from stay be granted.

The Debtor objects to this motion. Initially, the Chapter 7 trustee also objected to this motion on the grounds that the assets that the receiver was attempting to reach may be property of the estate and subject to administration by the trustee. However, a Stipulated Order resolving the trustee's objection was entered on December 20, 1993. The stipulation was signed by the Chapter 7 trustee and counsel for movant and agreed that "the movant may continue its efforts related to the contested motion" provided that "any proceeds from the sale of assets received . . . will be held in escrow and will not be applied to any obligation owing prior to the time the trustee determines that the estate has no interest in the assets".

> Section 362(a) prohibits in relevant part:
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, *or to recover a claim against the debtor* that arose before the commencement of the case under this title;
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.
> (6) *any act to collect, assess, or recover a claim against the debtor* that arose before the commencement of a case under this title;

(emphasis added).

Section 541(a)(1) provides that property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case" and pursuant to § 541(a)(3) the property of the estate includes "any interest in property that the trustee recovers" under specified provisions which include § 550 which authorizes the trustee to recover fraudulently transferred property. Including property that has been fraudulently trans-ferred in the § 541(a)(1) definition of property of the estate would render § 541(a)(3) meaningless. *See In re Colonial Realty Co.,* 980 F.2d 125, 131 (2nd Cir.1992) (citing *In re Saunders,* 101 B.R. 303, 305 (Bankr.N.D.Fla 1989)). *But cf. In re MortgageAmerica Corp.,* 714 F.2d 1266, 1275 (5th Cir.1983). Consequently, such property should not be considered property of the estate until a judicial determination is made that a fraudu-lent transfer has occurred and the trustee has recovered the property.

The property in this case has not yet been recovered by the trustee. The Debtor admits he has no interest in this property. The Court, therefore, finds that such property is not, at this time, property of the bankruptcy estate. The action by the receiver is not stayed by § 362(a)(3).

However, § 362(a)(1) and (6) prohibit actions to "recover a claim against the debtor." Fraudulent transfer actions, although against third parties, have been found to be actions to "recover a claim against the debtor" as the claim against the third party derives from a claim against the debtor, absent which there would be no independent basis for the claim. *Colonial Realty,* 980 F.2d at 131. Therefore, § 362(a)(1) and (6) operate to stay parties from recovering a claim from property fraudulently transferred to a third party.

In this case, the state court imposed a constructive trust in favor of Garland upon a finding that certain transfers were constructively fraudulent. Under Iowa law, a constructive trust is an equitable remedy "by which the holder of legal title is held to be a trustee for the benefit of another who in good conscience is entitled to a beneficial interest". *Loschen v. Clark,* 256 Iowa 413, 419, 127 N.W.2d 600, 603 (Iowa 1964). While the Court recognizes that the creditor holds an interest in the property by virtue of the imposition of the constructive trust, this interest is still subject to the jurisdiction of this Court and to bankruptcy law. Such an interest derives from Garland's claim against the Debtor and Garland is only entitled to recover the value of his original claim against the Debtor. Accordingly, the Court finds that attempts by Kemler to proceed against

assets of the professional corporations are actions to "recover a claim against the debtor" and are, thus, prohibited by the automatic stay pursuant to § 362) (a)(1) and (6).

Having concluded that the automatic stay applies in this case, the Court must now consider Kemler's request for relief from stay. Section 362(d)(1) provides that the court shall grant relief from stay "for cause." Debtor admits to having no interest in the professional corporations or the assets in question. The Court has already made a finding that the property does not, at this time, qualify as property of the estate. Therefore, the Court finds that sufficient "cause" exists under § 362(d)(1). However, there is a possibility that the trustee may be entitled to recover the property in question as fraudulently transferred property pursuant to § 550. The possibility of the existence of a bankruptcy estate interest must be protected on behalf of the estate and the creditors. Accordingly, the Court finds that the stay should be modified only in accordance with the stipulated order entered by this Court on December 20, 1993 and signed by the trustee and counsel for Kemler. Pursuant to the stipulation, the Court finds that the stay shall be modified to allow Kemler to continue to proceed with his duties as the appointed receiver including the garnishment of bank accounts, accounts receivable and such other property as he may locate belonging to S.K. Thielking, C.P.A., P.C., Stephen K. Thielking, C.P.A., P.C., Oden & Thielking, C.P.A.'s, P.C., and Oden, Henss & Thielking provided that any proceeds from the sale of assets received will be held in escrow and will not be applied to any obligation owing prior to the time that a determination is made that the estate has no interest in the assets.

### ORDER

IT IS THEREFORE ORDERED that the Motion For Relief From Stay be granted.

IT IS FURTHER ORDERED that the stay shall be modified to allow Kemler to continue to proceed with his duties as the appointed receiver including the garnishment of bank accounts, accounts receivable and such other property as he may locate belong-

ing to S.K. Thielking, C.P.A., P.C., Stephen K. Thielking, C.P.A., P.C., Oden & Thielking, C.P.A.'s, P.C., and Oden, Henss & Thielking provided that any proceeds from the sale of assets received will be held in escrow and will not be applied to any obligation owing prior to the time the trustee determines that the estate has no interest in the assets.