**In re Sandra K. LOFTON.**

**Bankruptcy No. 99–51665S.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

March 27, 2000.

M. Randy Rice, Little Rock, AR, Chapter 7 Trustee.

William Benton, Pine Bluff, AR, for Defendant.

### ORDER SUSTAINING OBJECTION TO EXEMPTIONS

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the trustee's Objection to Exemptions,

filed on January 25, 2000, to which the debtor responded on March 3, 2000.

James M. Lofton, Jr., died on October 7, 1999, and his wife thereafter received over $100,000 in life insurance proceeds. With a portion of those funds, she paid various creditors the sum of $46,281.10. On December 17, 1999, she filed a chapter 7 bankruptcy case, claiming the $46,281.10 as exempt. On January 25, 2000, the trustee timely objected to the debtor's claim of exemptions with regard to the insurance proceeds spent or transferred prior to the filing of the case. The trustee has not objected to the claim of exemption of the life insurance proceeds still in the hands of the debtor. The matter was called for hearing on March 7, 2000, at which time the parties requested that the Court determine the preliminary issue of whether the funds were property of the estate subject to a claim of exemption.

■ Upon the commencement of a chapter 7 case, all property and rights to property of the debtor become property of the estate. 11 U.S.C. § 541(a). Upon the filing of the case, the debtor is also entitled to exempt certain assets from property of the estate. 11 U.S.C. § 522(b) ("Notwithstanding section 541 of this title, an individual debtor may exempt *from property of the estate* the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.") (emphasis added). Once the assets are exempted, and, if no objection is filed to the exempt status, the assets are no longer property of the estate. *In re Gamble,* 168 F.3d 442 (11th Cir.1999).

■ The fact that the assets may no longer be property of the estate does not preclude, however, any rights the trustee may have to recover the payments as preferences or fraudulent transfers under section 547, 548 or 550 of the Bankruptcy Code. Nor does the fact that the transfers may be *recoverable* by the trustee make the funds transferred property of the estate. Rather, section 541(a)(3) provides

that interests in property that the trustee *recovers* are property of the estate. Not until the judicial determination is made that the property may be recovered does it become property of the estate. *In re Thielking,* 163 B.R. 543 (Bankr.S.D.Iowa 1994).

■ In this instance, the debtor transferred the assets prior to the commencement of the case in payment for various debts. There is no indication or even argument that the debtor retained any interest in the transferred funds. Thus, on December 17, 1999, when she filed this bankruptcy case, the debtor had no property interest in the $46,281.10. Since the debtor had no property interest in the funds, they did not become property of the estate and thus, are not, as of the commencement of the case, subject to exemption under section 522. The fact that the trustee may later recover the funds or that the debtor may later attempt to claim an exemption in the recovered funds, does not create property of the estate status for the funds until that judicial determination in favor of recovery is made.

■ Of course, once the trustee recovers property transferred by the debtor, section 522(g) generally precludes the debtor from claiming the recovered property as exempt. *See generally Schieffler v. Beshears (In re Beshears),* 182 B.R. 235 (Bankr.E.D.Ark.1995). Under section 522(g), if the funds are recovered, they are be distributed according the Bankruptcy Code and may not be claimed exempt, absent a showing under the provisions of section 522(g). Since the debtor's statements in her brief indicate that she cannot meet at least one of these requirements, *i.e.,* that the transfers were involuntary, it is unlikely that she will be able to claim any funds recovered by the trustee as exempt. Since, the recovered funds will be property of the estate under section 523(a)(3), the benefit will be to her creditors and will effect the policies underlying the avoidance statutes: to restore to the estate unfair or discriminatory transfers

and place all creditors, including relatives, on an equal basis to receive the debtor's assets.

In light of the foregoing, it is

**ORDERED** that the trustee's Objection Exemptions, filed on January 25, 2000, is sustained.

**IT IS SO ORDERED.**