**In re James C. SAUNDERS & Patricia A. Saunders, Debtors.**

**Bankruptcy No. 89–04090–A.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

May 15, 1989.

Philip A. Bates, Pensacola, Fla., for Professional Sav. Bank.

John E. Venn, Jr., Gulf Breeze, Fla., for debtors.

M. Alan Rhodey, Ft. Walton Beach, Fla., Trustee.

## MEMORANDUM OPINION

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

THIS MATTER is before the Court on the motion of Professional Savings Bank (Professional) for relief from the automatic stay of 11 U.S.C. § 362(a) to enable it to continue an action in state court against a non-debtor third party to recover assets allegedly transferred in fraud of creditors. A preliminary hearing was conducted on the motion by telephone conference on April 17, 1989, and the Court took the matter under submission. There is no dispute regarding the operative facts and resolution of the motion will be based solely on the law.

The essential facts are relatively simple and clear. In March of 1987, movant, Professional, obtained a final judgment against the debtors in the amount of $459,-721.53. In its efforts to collect on the judgment, Professional instituted proceedings supplementary pursuant to § 56.29 Fla. Stat. against four other entities or individuals to whom the debtor had allegedly transferred certain assets for the purpose of hindering, delaying, or defrauding creditors. The specific provision followed by Professional is set forth at § 56.29(6)(b) Fla. Stat. which states:

(b) When any gift, transfer, assignment or other conveyance of personal property has been made or contrived by defendant to delay, hinder or defraud creditors, the court shall order the gift, transfer, assignment or other conveyance to be void and direct the sheriff to take the property to satisfy the execution. This does not authorize seizure of property exempted from levy and sale under execution or property which has passed to a bona fide purchaser for value and without notice.

Any person aggrieved by the levy may proceed under §§ 56.16–56.20.[1]

On December 28, 1988, before the initiation of this Chapter 7 case on February 7, 1989, the judge ruled from the bench that the third parties were liable to Professional in the amount of $170,000.00, plus interest from July 2, 1987, as funds fraudulently transferred by the debtor. A final judgment memorializing this ruling was entered post-petition on February 23, 1989. Professional takes the position that the action against the non-debtor third parties is not subject to the automatic stay and that the property which it seeks to recover is not property of the estate as defined in 11 U.S.C.S. § 541. Thus argues Professional, the stay does not apply to its efforts.

The trustee's position is that the property transferred in fraud of creditors is property of the estate, and thus Professional's action is stayed by § 362(a)(3) which stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Likewise, if the transferred property is property of the estate, the action would be stayed by § 362(a)(2) which prohibits "the enforcement against the debtor or against property of the estate of a judgment obtained before the commencement of the case...." The trustee's position that the assets are property of the estate is supported by several cases, two of which are from the Fifth Circuit. *In re MortgageAmerica Corp.*, 714 F.2d 1266 (5th Cir. 1983); *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142 (5th Cir.1987); *In re Central Heating and Air Conditioning, Inc.*, 64 B.R. 733 (N.D.OH.1986). For the reasons to be set forth below, we respectfully disagree with those cases to the extent that they hold that a state court fraudulent transfer action against a third party is stayed by § 362(a)(3) of the Bankruptcy Code.

Section 362(a)(3) of the Code operates as a stay against: "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). In *MortgageAmerica* the Fifth Circuit considered the applicability of the automatic stay to various causes of action by a creditor against a non-debtor third party based on transactions with the debtor. Prior to the petition in that case, the creditor had initiated a state court suit in Texas asserting causes of action based on the "corporate trust fund" doctrine, the "denuding the corporation" theory, and the Texas Fraudulent Transfers Act.[2] With respect to the fraudulent transfer action, the Court held that under § 541(a)(1) of the Bankruptcy Code, the debtor continues to have a "legal or equitable interest" in property fraudulently transferred. Thus the property, even in the hands of a third party, is property of the estate. *Id.* at 1275.

Our problem with the conclusion reached by the Fifth Circuit lies both in its inconsistency with other provisions of the Bankruptcy Code and in the problems associated with applying that conclusion to other aspects of practice under the Code. First, § 541(a)(3) defines property of the estate as: "[A]ny interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title." Section 550 allows the trustee to recover fraudulently transferred property for the

---

1. An action under this section is analogous for our purposes to an action under the Florida Uniform Fraudulent Transfer Act, Chapter 726, Florida Statutes. Section 726.105(1)(a) provides as follows:

   (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation incurred, if the debtor made the transfer or incurred the obligation:

   (a) With actual intent to hinder, delay, or defraud any creditor of the debtor....

   The discussion here would be the same as to either type of proceeding, with one minor distinction found in section 362 which is pointed out in the text. Therefore, any reference herein to fraudulent transfer actions includes proceedings supplementary under section 56.29(6)(b), Fla. Stat.

2. The Court held that the "trust fund" or "denuding the corporation" causes of action were rights of action belonging to the corporation under Texas law, thus those causes became property of the estate. While this is not before the Court in the instant case, we concur with that conclusion.

benefit of the estate to the extent that a transfer is avoided under either §§ 544 or 548; § 541(a)(3) then brings the property actually recovered by the trustee into the estate. If property that has been fraudulently transferred is included in the § 541(a)(1) definition of property of the estate, then § 541(a)(3) is rendered meaningless with respect to property recovered pursuant to fraudulent transfer actions.

■ We think that the inclusion of property recovered by the trustee pursuant to his avoidance powers in a separate definitional subparagraph clearly reflects the congressional intent that such property is not to be considered property of the estate until it is recovered. Until a judicial determination has been made that the property was, in fact, fraudulently transferred, it is not property of the estate. If it were, the trustee could simply use a turnover action under 11 U.S.C. § 542, and the two (2) year statute of limitations of § 546(a) for actions under §§ 544 and 548 could be avoided. Moreover, allowing the debtor to retain an interest, legal or equitable, in fraudulently transferred property conceivably places a cloud on the title of any property transferred by the debtor until there is a judicial determination that the transfer is not avoidable. This result was clearly not contemplated by Congress.

The fraudulent transfer cause of action itself is not considered property of the estate since the avoidance of such a transfer is not a cause of action assertable by the debtor. It can only be asserted by a creditor (absent a case under Title 11, U.S.C.) or by a trustee in bankruptcy. The trustee's right to pursue the action flows not from the turnover provisions of § 542 but from his avoidance powers under §§ 544 and 548.

■ The Fifth Circuit, in our opinion, used an exceedingly broad interpretation of § 541(a) in an effort to reach what is ultimately the right result under the Code, i.e. that a state court fraudulent transfer action is stayed by § 362. The action is stayed, but not by § 362(a)(3). The cited cases have overlooked what we think is the applicable provision of § 362(a). It is our view, and we hold, that a pre-petition state court fraudulent transfer action is subject to the provisions of § 362(a)(1) which prohibits:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1). At first blush it appears that, as the Fifth Circuit held in *S.I. Acquisition, Inc.*, § 362(a)(1) "is available only for the debtor's benefit and does not prohibit actions against non-bankrupt third parties or codefendants." 817 F.2d at 1147. On its face, however, § 362(a)(1) stays not only any action or proceeding "against the debtor" but also actions "to recover a claim against the debtor." While a fraudulent transfer action may be an action against a third party, it is also an action "to recover a claim against the debtor." Absent a claim against the debtor, there is no independent basis for the action against the transferee. Moreover, the creditor can only recover property or value thereof received from the debtor sufficient to satisfy the creditor's claim against the debtor. This interpretation is consistent with the legislative history of § 362(a)(1) which states:

> The provision in this first paragraph prohibiting the issuance of process is designed to prevent the issuance of a writ of execution by a judgment creditor of the debtor to obtain property that was property of the debtor before the case *but that was transferred*, subject to the judgment lien, before the case. Because the other paragraphs of this subsection refer only to property of the estate or property of the debtor, *neither of which apply to this kind of transferred property*, they would not prohibit pursuit of the transferred property by issuance *of process*. (emphasis supplied).

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 341 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6297. Thus, § 362(a)(1) operates to stay a creditor with a claim against the debtor from commencing or continuing a fraudulent transfer action or from utilizing the process of another court, as is the situation in this case, to recover that claim from property that should have been available for levy and execution but for the transfer to a third party in fraud of creditors.

■ Having concluded that the action by Professional Savings Bank is stayed, we must consider whether there is cause for lifting the stay to enable it to proceed. The only argument advanced by the bank for relief is that since it spent the time and money pursuing the action, it should reap the benefits of its efforts. This argument is not persuasive. To follow it would subvert the policy of equality of distribution among creditors. Professional will ultimately share the benefit of its having already fully litigated the issue to judgment in state court. The trustee should have the benefit of that litigation thus greatly reducing the expense of recovering the assets for the estate and thus increasing the amount available for distribution to creditors. However, all creditors, not just Professional, are entitled to share in the benefits of any property which may have been fraudulently conveyed by the debtor.

In summary, we find that neither a fraudulent transfer action nor the property so transferred are property of the bankruptcy estate until such property is recovered by a trustee pursuant to his avoiding powers. Accordingly, § 362(a)(3) is not applicable and does not operate as a stay of such actions. On the other hand, an action or the employment of process to recover a fraudulent transfer is an "action to recover a claim against the debtor that arose before the commencement of the case ...," and is subject to the stay under § 362(a)(1). Since we find that the stay is applicable and that there is no basis for granting Professional relief from the stay in order to proceed, the motion will be denied.

A separate order will be entered in accordance with this opinion.

DONE AND ORDERED.