## In re BLINDER, ROBINSON & CO., INC., Debtor.

### Glen E. KELLER, Jr., Trustee, Plaintiff/Appellee,

v.

### Meyer BLINDER, Lillian Blinder, and Intercontinental Enterprises, Inc., a Colorado corporation, Defendants/Appellants.

Civ. A. No. 92–K–560.
Bankruptcy No. 90–1170 SBB (SIPA).
Adv. No. 91–1238 RJB.

United States District Court,
D. Colorado.

April 6, 1992.

---

See also, 132 B.R. 759, 135 B.R. 892, 135 B.R. 899, 962 F.2d 960.

William Anthony Bianco, Tom McNamara, Davis, Graham & Stubbs, Denver, Colo., for plaintiff/appellee.

Leonard E. Davies, Englewood, Colo., Howard Franklin Cerny, New York City, for debtor, defendants/appellants Meyer Blinder and Lillian Blinder.

Andrew C. Snyder, Intercontinental Enterprises, Englewood, Colo., Thomas A. Hart, Jr., Washington, D.C., for defendant/appellant Intercontinental Enterprises, Inc.

## ORDER ON MOTION FOR STAY

KANE, Senior District Judge.

Intercontinental Enterprises, Inc. appeals the bankruptcy court's March 12, 1992 final judgment in Adversary Proceeding No. 91–1283 RJB. In this ruling, the bankruptcy court held that all of the individual and joint property of Meyer and Lillian Blinder, Intercontinental and Intercontinental's subsidiaries was property of the Blinder, Robinson estate, held in *custodia legis* by the court and subject to its continuing jurisdiction. Intercontinental was further directed to deliver all of its property to the Trustee within seven days of the order. In addition, the bankruptcy court entered monetary judgments against the Blinders and Intercontinental totalling approximately $125,000,000.

On March 27, 1992, Intercontinental moved for a stay of the judgment pending appeal and requested a hearing on the motion. It argues that it cannot comply with the bankruptcy court's order to deliver its property within seven days because the company is subject to an injunction issued by the Eastern District of Pennsylvania in *Hoxworth v. Blinder, Robinson & Co., Inc.*, Nos. 88–0285, 88–0286 & 88–0307. The injunction, first entered on February 28, 1992, restrains the Blinders and Intercontinental from transferring or otherwise disposing of assets other than in the ordi-

nary course of business without first obtaining court permission.

After the bankruptcy court entered its March 12 judgment, Intercontinental sought clarification from the Pennsylvania court as to the effect of that judgment on the preexisting injunction order. In an order issued March 17, 1992, the Pennsylvania court took note of the bankruptcy court's March 12 judgment, but observed that "[n]othing in the Memorandum Opinion and Order and Judgment of the United States Bankruptcy Court for the District of Colorado relieves Intercontinental Enterprises, Inc. of its obligation to adhere to the terms of this Court's February 28, 1992 Order." It then made the following clarification to its February 28 ruling:

> Meyer Blinder and Intercontinental Enterprises, Inc., and their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them who have actual notice of this Order, are hereby immediately enjoined and restrained from selling, transferring or otherwise disposing of any of their assets, other than in the ordinary course of business, notwithstanding the March 12, 1992 Order of the United States Bankruptcy Court for the District of Colorado.

> It is further ORDERED that, upon reasonable notice, Meyer Blinder and Intercontinental Enterprises, Inc. and any other interested party, including the trustee of Blinder Robinson & Co., Inc., may apply to this Court for permission to transfer, sell or otherwise dispose of the assets of Meyer Blinder and Intercontinental Enterprises, Inc., other than in the ordinary course of business, for good cause shown.

The Trustee objects to Intercontinental's motion for stay. He argues that the motion for stay is groundless because the Pennsylvania court's injunction does not prevent Intercontinental from cooperating with the Trustee for the transfer of assets. The Trustee asserts that the "Pennsylvania Order cannot and does not purport to enjoin the Trustee from execution," that it "simply does not affect the Trustee's right to execute through appropriate process," and that "[e]xecution by the Trustee, through the Writ, does not require IEI to take any affirmative action in the nature of a sale, transfer or disposition," instead commanding the United States Marshal to seize property.

■ The Trustee's arguments are disingenuous. The Pennsylvania court's March 17 clarification order directs the Blinders, Intercontinental, *and the Trustee* to seek permission from the court before transferring assets other than in the ordinary course of business. Not only would Intercontinental be in violation of the Pennsylvania court's injunction if it complied with the bankruptcy court's order to turn over assets, the Trustee violates the injunction by executing on the judgment. Although the Trustee asserts that "execution" on the assets is distinct from "disposition" of the assets and that he is simply asking Intercontinental employees to "identify" property, I cannot accept this semantic wordplay. The order directs "any other interested party, including the trustee of Blinder Robinson & Co., Inc.," to obtain its permission to "transfer, sell or otherwise dispose of the assets," and this includes the seizure of assets by execution.

■ The Trustee claims that the Pennsylvania court lacks the power to assert jurisdiction over the Blinder and Intercontinental property in this way because "[o]nce an *in rem* proceeding is commenced, jurisdiction over the *res* subject to the proceeding vests in that court." That legal proposition is correct, but the Trustee's adversary proceeding was not an *in rem* proceeding. In the adversary proceeding, the Trustee asserted claims based primarily on alter ego and fraudulent conveyance. It was a personal action, brought against Intercontinental and the Blinders. In contrast, an *in rem* action "is a proceeding that takes no cognizance of an owner but determines right in specific property against all of the world, equally binding against everyone." Black's Law Dictionary 713 (5th ed. 1979). Therefore, I cannot follow the Trustee's logic that the

bankruptcy court acquired jurisdiction *in rem* by virtue of the adversary proceeding.

The Trustee also argues that the assets are "property of the estate" under 11 U.S.C. § 541. That section defines "property of the estate" as "all legal or equitable interests of the debtor in property as of the commencement of the case," including property recovered by the trustee through his avoidance powers and other property acquired after the commencement of the case. *See* 11 U.S.C. § 541(a)(1), (3), (7). Thus, the Trustee relies on a case noting that the estate includes causes of action belonging to the debtor, *see United States v. Whiting Pools*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), and one holding that the estate contains property of the debtor fraudulently transferred, *see Carlton v. BAWW, Inc.*, 751 F.2d 781 (5th Cir. 1985).

There is no dispute that, upon bankruptcy, the Trustee is entitled to bring the debtor's claims against third parties or that property recovered by way of a fraudulent conveyance action becomes property of the estate. What is not clear is at what point, if ever, the assets held by Mr. and Mrs. Blinder and Intercontinental became property of the estate. That determination may well depend on state law, *see, e.g., Steyr–Daimler–Puch of America Corp. v. Pappas*, 852 F.2d 132 (4th Cir.1988) (under state law of incorporation, debtor retains equitable interest in assets of alter ego which is property of the estate under § 541); *American Nat'l Bank of Austin v. MortgageAmerica Corp. (In re MortgageAmerica Corp.)*, 714 F.2d 1266 (5th Cir.1983) (debtor's state-law equitable interest in property fraudulently conveyed is property of the estate, barring lawsuit by creditor against third-party transferees). There is contrary authority, however, that assets fraudulently conveyed do not become property of the estate until the Trustee recovers them, *see In re McDonald Bros. Constr., Inc.*, 114 B.R. 989, 997 (Bankr.N.D.Ill.1990) ("It is the recovery of funds involved in an "avoided" transfer, not the potential for recovery, that causes funds to be considered part of the estate."); *In re Saunders*, 101 B.R. 303, 304–05 (Bankr.N.D.Fla.1989) (property recovered by the trustee pursuant to his avoidance powers no property of the estate until it is recovered, though action by creditor seeking same assets barred by § 362(a)).

I need not resolve that question here. The Pennsylvania court entered its original injunction order before the bankruptcy court issued its March 12 judgment finding the assets to be property of the estate. If the Trustee is dissatisfied with my interpretation of the Pennsylvania court's rulings or with its exercise of jurisdiction over the assets of Mr. and Mrs. Blinder and Intercontinental, he must seek further clarification there.

■ Accordingly, because I conclude that the Trustee and Intercontinental are bound in the first instance by the injunction issued in *Hoxworth v. Blinder, Robinson, & Co., Inc.*, Intercontinental is not entitled to a stay of the bankruptcy court's order on this basis. Furthermore, I find that Intercontinental has not otherwise satisfied the requirements for stay pending appeal, in that it has not demonstrated a likelihood of success on any issue raised on appeal. The motion for stay is DENIED.