In re Joseph CICCONE, Debtor.

Matthew J. McGOWAN,
Trustee, Plaintiff,

v.

Traci A. CICCONE, Raymond Suglia, and the Resolution Trust Corporation, as Conservator of Old Stone Bank, Defendants.

Bankruptcy No. 94–10138.
Adv. No. 94–1158.

United States Bankruptcy Court,
D. Rhode Island.

Aug. 12, 1994.

Russell D. Raskin, Providence, RI, for debtor.

Charles J. Pisaturo, Salter, McGowan, Swartz & Holden, Inc., Providence, RI, for plaintiff–trustee.

Robert A. Mitson, Douglas Rose, Jarret & Mitson, Inc., Woonsocket, RI, for Resolution Trust Corp.

## ORDER

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on July 19 and July 27, 1994, on the Chapter 7 Trustee's request for a temporary restraining order and preliminary injunction. In this proceeding, the Trustee seeks to prevent Resolution Trust Corporation's (RTC) foreclosure sale of real estate which the Debtor transferred to his ex-wife, Traci Ciccone, and his cousin Raymond Suglia, allegedly in violation of R.I. Gen. Laws § 6–16–1, *et seq.* The subject property is encumbered by a mortgage in favor of RTC, with an outstanding balance of approximately $98,-000. RTC and the Trustee have stipulated that for the purpose of this hearing the value of the real estate is $163,000.

 We agree that, without more, under the anti-injunction provisions of 12 U.S.C. § 1821(j) and the holding in *Telematics Int'l, Inc. v. NEMLC Leasing Corp.*, 967 F.2d 703 (1st Cir.1992), there is no authority to issue an injunction in these circumstances, i.e., where RTC is acting pursuant to and within its statutory authority. Here, however, where there is substantial equity in the real estate in question which is *potentially* property of the Estate, the issue arises whether the automatic stay, 11 U.S.C. § 362, overrides the anti-injunction provisions of § 1821(j). The court in *In re MortgageAmerica Corp.*, 714 F.2d 1266, 1275–76 (5th Cir. 1983), stated that:

[a]n action under the Fraudulent Transfers Act is essentially one for property that properly belongs to the debtor and which the debtor has fraudulently transferred in an effort to put it out of the reach of creditors.... The transferee may have colorable title to the property, but the equitable interest—at least as far as the creditors (but not the debtor) are concerned—is considered to remain in the debtor so that creditors may attach or execute judgment upon it as though the debtor never transferred it.

While we are not comfortable to state as emphatically as the *MortgageAmerica* court that property which is the subject of a pending fraudulent conveyance action is actually property of the estate, we do hold that the *cause of action* itself constitutes an interest in property of the estate, and that the Trustee should at least be allowed the opportunity to recover the equity for creditors.[1] We also conclude that where, as here, there is an apparent conflict between statutes, 12 U.S.C. § 1821(j) does not hinder the operation of § 362. *See In re Colonial Realty Co.*, 980 F.2d 125, 135–137 (2d Cir.1992).[2]

The stay imposed by § 362(a) is automatically 'applicable to all entities' without any need for the intervention of any court or ruling.... We accordingly conclude that § 1821(j) ban upon 'court ... action ... to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or a receiver' ... does not inhibit the operation of the automatic *statutory* stay imposed by § 362(a).

*Id.* at 137.

For the foregoing reasons, the Trustee's request for a temporary restraining order against the RTC under Fed.R.Bankr.P. 7065 is DENIED. However, in light of our finding that the Trustee's fraudulent conveyance cause of action constitutes property of the estate with a potential value of $65,000 for creditors, we conclude that 11 U.S.C. § 362[3]

---

1. RTC concedes that the Trustee has made a strong argument that he will be successful in establishing that the transfer was indeed a fraudulent conveyance. (See RTC Mem. at 9.)

2. We agree with the holding of *Colonial* on this issue, but do not follow that case in its abandonment of *MortgageAmerica* as to the estate proper-

ty issue. *See Colonial Realty*, 980 F.2d at 131. We find no acceptable rationale for departing from the *MortgageAmerica* holding.

3. 11 U.S.C. § 362(a)(3) states:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302,

is alive and well, and that RTC's scheduled foreclosure sale of the subject property should be and is stayed, under the protections of that statute, until further order.[4]

or 303 of this title, ... operates as a stay, applicable to all entities, of—

. . . . . .

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

4. This Order is without prejudice, of course, to RTC's right to renew its request to lift the stay, and for leave to foreclose, if it becomes apparent that its secured claim is not as adequately protected as we think it is today.