In re YELLOW CAB COOPERATIVE ASSOCIATION, EIN 84–0403997, Debtor.

YELLOW CAB COOPERATIVE ASSOCIATION, Plaintiff,

v.

Karen J. MATHIS; the Mathis Law Firm, P.C.; Vicki S. Porter; and Vicki S. Porter, P.C., Defendants.

Bankruptcy No. 93–23733–DEC. Adv. No. 94–1499–SBB.

United States Bankruptcy Court, D. Colorado.

Feb. 17, 1995.

E. Hil Margolin, Denver, CO, for plaintiff.

Vicki S. Porter, Denver, CO, for defendants Vicki S. Porter and Vicki S. Porter, P.C.

## MEMORANDUM OPINION AND ORDER ON MOTION TO RECONSIDER ORDER ON MOTION TO DISMISS

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on the Motion to Reconsider Order on Motion to Dismiss filed by Vicki S. Porter and Vicki S. Porter, P.C. (collectively "Porter"), on January 6, 1995, the Reply thereto filed by the Debtor on January 26, 1995, and the Response filed by Porter on January 30, 1995. The Court, having reviewed the file and being advised in the premises, makes the following findings of fact and conclusions of law, and enters the following order.

## I. *Introduction.*

The question presented to this Court is whether assets held by the state court Receiver are deemed to be assets of the bankruptcy estate prior to their turnover by the Receiver to the Debtor, or only after turnover to the Debtor. This Court concludes that, unlike assets recovered for an estate pursuant to a trustee's avoidance powers, assets held by the state court Receiver prior to turnover to the Debtor are deemed property of the Debtor's estate pursuant to 11 U.S.C. §§ 541(a) and 543.

## II. *Factual Background.*

Defendant Mathis was appointed as Receiver for Yellow Cab Cooperative Association ("Yellow Cab" or the "Debtor") by the Denver District Court on April 30, 1991. As the Receiver, Ms. Mathis took possession of various Yellow Cab assets. Defendant Vicki S. Porter, P.C. served as counsel for the Receiver post-petition.

Yellow Cab filed a voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code on December 29, 1993. On January 3, 1994, *nunc pro tunc* December 31, 1994, the judge in the main bankruptcy case, the Honorable Charles E. Matheson, entered an Order temporarily excusing the Receiver's obligation under 11 U.S.C. § 543(b)(1) to turnover the property to the Debtor-in-Possession and instructing the Receiver to act to preserve the property within her custody. The turnover of property was subsequently ordered on January 26, 1994.

During the post-petition period of time that the Receiver had possession over the property, between December 29, 1993 and January 26, 1994, she paid herself, Ms. Porter's firm, other law firms, cab drivers, and other unidentified parties more than $350,000 out of Yellow Cab's funds.[1] Neither the employment of the firms nor the payments themselves received prior Court authorization.

On August 12, 1994, the Debtor filed the within Complaint seeking to recover the fees paid to the Receiver, her firm, and Porter, post-petition.[2] The Receiver filed her Answer on September 13, 1994. Porter filed a Motion to Dismiss and Answer on September 26, 1994. This Court entered an Order on October 18, 1994 setting up a schedule for responsive pleadings.

Porter filed a Brief in Support of the Motion to Dismiss on November 1, 1994, asserting that there is a fundamental distinction between what is property of the bankruptcy estate and what is property of the receivership estate. Porter argues, primarily, that the Bankruptcy Court cannot exercise control over, and the Debtor cannot properly recover, payments made to her for professional services, because the payments were made from assets of the Receiver's estate and not from assets of the bankruptcy estate.

Following and relying, in large part,[3] upon the Debtor's Response filed November 18, 1994, this Court entered an Order denying the Motion to Dismiss on January 5, 1995. The instant Motion to Reconsider, Reply, and Response followed.

## III. *Discussion.*

It appears to be undisputed that the Receiver falls within the Bankruptcy Code's definition of "custodian",[4] and as such is compelled to

deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring,

---

1. The Debtor maintains that Porter received a total of $26,222.90 during this period.

2. A portion of the second claim for relief deals with Porter and requests relief under 11 U.S.C. § 549(a)(2)(B). A portion of the fourth claim for relief also seeks the disallowance of a $2,500.00 proof of claim purportedly filed by Porter.

3. This Court also relied upon its inherent authority to review and approve professionals' fees.

4. The term "custodian" includes a(n)

(A) receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title; (B) assignee under a general assignment for the benefit of the debtor's creditors; or (C) trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors.
11 U.S.C. § 101(11).

rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case.

11 U.S.C. § 543(b)(1).

Relying primarily on the broad language and the historically broad interpretation of Section 541(a), the Debtor maintains that the assets held by the Receiver were property of the bankruptcy estate and are, therefore, properly subjects of the instant turnover action.

Section 541(a) provides, in part, as follows:

(a) The commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

\* \* \* \* \* \*

(3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.

\* \* \* \* \* \*

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

\* \* \* \* \* \*

11 U.S.C. § 541(a).

Porter, conversely, advocates a much narrower interpretation of the definition of "property of the estate." A bankruptcy estate, she argues, does not consist of property in the possession of a custodian until **after** it is recovered. Porter strongly asserts that while the assets were held by the Receiver they were property of a "receivership estate," subject to turnover upon court order, and **not property of the bankruptcy estate.** The drafters of the Bankruptcy Code intentionally and deliberately used the word "recovers" rather than "can recover" in Section 541(a)(3). According to Porter, until such time as the turnover was ordered, the subject assets remained property of the receivership. Citing *In re Sweetwater*, 55 B.R. 724 (D.Utah 1985) ("*Sweetwater I* "), *aff'd in part and rev'd in part*, 884 F.2d 1323 (10th Cir.1989) ("*Sweetwater II* ") [5]

The statute says '[a]ny interest in property that the trustee recovers,' . . . not 'that the trustee can recover.' The trustee must exercise his **avoiding powers** and recover the property before it is considered property of the estate under section 541(a)(3). All the trustee (or debtor in possession) has before he recovers the property is a statutorily created right to bring an action to recover property.

*Sweetwater I, supra*, at 730 (emphasis added).[6]

---

**5.** The Utah District Court essentially made three distinct holdings: (1) that it had subject matter jurisdiction; (2) that, pursuant to § 1123(a)(5)(B), the plaintiff was neither a "representative of the estate" nor effectively "appointed"; and (3) that, pursuant to § 1123(a)(5)(B) and (b)(4), avoiding powers cannot be assigned. The third holding appears to have been based upon alternative grounds, what was deemed to be overwhelming case law **and** the conclusion that avoiding powers were not assignable because they were not "property of the estate." The discussion referred to herein and by Porter is, arguably at least, mere *dicta*.

The Tenth Circuit affirmed on the jurisdictional grounds but reversed the District Court on the § 1123 issues. The Tenth Circuit found that plaintiff fit within the meaning of "representative of the estate," was properly "appointed", and found that the case law was neither overwhelm-

ing nor persuasive. More important to the issue presently before this Court, however, the Circuit Court found that the subject "avoidance claims are also claims of the estate" under § 1123(b)(3)(A) and (B). *In re Sweetwater*, 884 F.2d 1323, 1327 (10th Cir.1989) ("*Sweetwater II* "), *aff'g in part and rev'g in part*, 55 B.R. 724 (D.Utah 1985) ("*Sweetwater I* "). This conclusion could imply a reversal of the apparent *dicta* regarding "property of the estate" as well.

**6.** The Utah District Court appears to have taken a certain degree of editorial liberty with the definition of "property of the estate" in *Sweetwater I*.

Section 541 defines 'property of the estate' to include, among other things, '[a]ny interest in property that the trustee recovers' under sections **544, 547, 549** and 553. *Id.* §§ 541(a)(3) & 550; *see also id.* §§ 541(a)(4) & 551 ('prop-

*Accord, Klingman v. Levinson,* 158 B.R. 109, 113 n. 1 (N.D.Ill.1993) (fraudulent transfer action); *Mater of Thielking,* 163 B.R. 543, 545 (Bankr.S.D.Iowa 1994) (same); *In re Saunders,* 101 B.R. 303 (Bankr.N.D.Fla.1989)

> If property that has been **fraudulently transferred** is included in the § 541(a)(1) definition of property of the estate, then § 541(a)(3) is rendered meaningless with respect to property recovered pursuant to **fraudulent transfer actions.**
>
> We think that the inclusion of property recovered by the trustee pursuant to his **avoidance powers** in a separate definitional [sic] subparagraph clearly reflects the congressional intent that such property is not to be considered property of the estate until it is recovered. Until a judicial determination has been made that the property was, in fact, **fraudulently transferred,** it is not property of the estate.

*Saunders, supra,* at 305 (emphasis added).

But, see, *In re Figearo,* 79 B.R. 914 (Bankr. D.Nev.1987) [7]

> It is this court's opinion that the estate's interest in the transferred property was acquired upon commencement of the case. 11 U.S.C. § 541(a)(3). The transferee merely held voidable title to the transferred property. See 11 U.S.C. § 548(c).

> The successful exercise of the trustee's avoiding power causes the affected transfer to become void, allowing the trustee to recover the property under 11 U.S.C. § 550.

*Figearo, supra,* at 918.

Assuming that the holdings of cases like *Sweetwater I* and *Saunders* are correct, still Porters' reliance is misplaced. The instant case is factually and legally distinguishable. Here, the argument is over when assets held by a custodian are included in the scope of estate property, not when property that has been the subject of an avoidance or fraudulent transfer action is so included. *See, generally, In re Brown,* 734 F.2d 119, 124 (2d Cir.1984) (funds held by a custodian were property of the bankruptcy estate upon the filing of the bankruptcy petition, even where title to the funds had previously passed to the custodian).[8]

This distinction is crucial, for on one hand, cases such as *Sweetwater I* and *Saunders* were examining a **power of the trustee** to avoid transfers, while in the instant case this Court is examining the **obligation of the custodian,** in this case the Receiver, to turn over assets that she merely holds for the Debtor on behalf of its creditors.[9]

▆▆ The instant facts are more akin to those addressed by the Supreme Court in

---

erty of the estate' also includes any interest in property 'preserved for the benefit of or ordered transferred to the estate' under sections **544, 547** and **549**).

*Sweetwater I, supra,* at 730 (emphasis added). Although the emphasized sections are referenced (among others) by Sections 550 and 551, they are not expressly referenced in Section 541(a), "property of the estate." This Court does not agree with the broadened scope of either Section 541(a)(3) or (4) implicit in *Sweetwater I,* but rather maintains that such assets more properly fall within the broader scope of Section 541(a)(1) ("all [other] legal or equitable interests of the debtor in property as of the commencement of the case").

7. *See also,* 4 *Collier on Bankruptcy,* ¶ 541.16 (15th ed. 1984) ("Section 543 requires a custodian of any of **the debtor's property** to deliver to the trustee the property, or its proceeds, which are in his [the custodian's] possession, custody, or control on the date he learns of the commencement of the case.")

8. This portion of *In re Brown,* 734 F.2d 119 (2d Cir.1984) appears to have been subsequently re-

jected by the Second Circuit in *dicta. In re Colonial Realty Co.,* 980 F.2d 125, 131 (2d Cir. 1992) (adopting *In re Saunders,* 101 B.R. 303 (Bankr.N.D.Fla.1989) with regard to a fraudulent transfer action). *But, see, In re Ciccone,* 171 B.R. 4, 5 n. 2 (Bankr.D.R.I.1994) ("We agree with the holding of *Colonial* on [the issue of the automatic stay], but do not follow that case in its abandonment of [the holding of the Fifth Circuit in *In re*] *MortgageAmerica* [*Corporation,* 714 F.2d 1266 (5th Cir.1983)] as to the estate property issue.... We find no acceptable rationale for departing from the *MortgageAmerica* holding."). *See also, In re Blinder, Robinson & Co., Inc.,* 139 B.R. 24, 27 (D.Colo.1992) (fraudulent transfer action) (recognizing dispute but declining to decide the issue); *Matter of Fletcher,* 176 B.R. 445 (Bankr.W.D.Mich.1995) (fraudulent transfer action) (same); *In re McElwee,* 161 B.R. 41, 44 n. 4 (Bankr.S.D.Ill.1993) (§ 544(b) avoidance action) (same).

9. This distinction is highlighted by the Bankruptcy Code's divergent approach as between a trustee's avoidance powers and the role of a custodian with respect to 11 U.S.C. §§ 546 and 550.

*United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). In *Whiting Pools* the Supreme Court was called upon to decide whether a Chapter 11 debtor could compel the turnover of property that had been seized by a secured creditor pre-petition. In answering the question, the Court determined that the property in question constituted property of the estate, notwithstanding the pre-petition seizure. *Whiting Pools, supra,* at 202–09, 103 S.Ct. at 2312–15.

> The House and Senate Reports on the Bankruptcy Code indicate that § 541(a)(1)'s scope is broad.[10] Most important, in the context of this case, § 541(a)(1) is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code. Several of these provisions bring into the estate property in which the debtor did not have a possessory interest at the time the bankruptcy proceedings commenced. [citing §§ 543, 547, and 548]
>
> \* \* \* \* \* \*
>
> In effect, § 542(a)[11] grants to the estate a possessory interest in certain property of the debtor that was not held by the debtor at the commencement of reorganization proceedings.

*Whiting Pools, supra,* [462 U.S.] at 205–07, 103 S.Ct. at 2314–15.

Indeed, the Supreme Court observed,

> [I]f this were not the effect, § 542(a) would be largely superfluous in light of

§ 541(a)(1). Interests in the seized property that could have been exercised by the debtor—in this case, the rights to notice and the surplus from a tax sale, *see* n. 4, *supra*—are already part of the estate by virtue of § 541(a)(1). No coercive power is needed for this inclusion. The fact that § 542(a) grants the trustee greater rights than those held by the debtor prior to the filing of the petition is consistent with other provisions of the Bankruptcy Code that address the scope of the estate. *See, e.g.,* § 544 (trustee has rights of lien creditor); § 545 (trustee has power to avoid statutory liens); § 549 (trustee has power to avoid certain post-petition transactions).

*Whiting Pools, supra,* at 207 n. 15, 103 S.Ct. at 2315 n. 15.

The ethereal dichotomy Porter attempts to raise between property of the receivership/debtor and property of the bankruptcy estate has no real substance. The Bankruptcy Code provides that a custodian may hold both property of the debtor **and property of the estate.** 11 U.S.C. § 543(a). How can a receiver be required to turn over property of the estate unless she first holds property of the estate?

This Court concludes that the assets held by the Receiver, at the commencement of the within bankruptcy case, were property of the Debtor's estate as of the commencement of the case. Unlike assets recovered by a debt-

---

**10.** The legislative history provides, in part, as follows:

> The scope of this paragraph [§ 541(a)(1)] is broad. It includes all kinds of property, including tangible or intangible property, causes of action (See Bankruptcy Act Sec. 70A(6)), and all other forms of property currently specified in Section 70A of the Bankruptcy Act Sec. 70A, as well as **property recovered by the trustee under Section 542** of proposed Title 11, **if the property recovered was merely out of the possession of the debtor, yet remained 'property of the debtor.'** ...
>
> Though this paragraph will include choses in action and claims by the debtor against others, it is not intended to expand the debtor's rights against others more than they exist at the commencement of the case.
>
> \* \* \* \* \* \*
>
> This section [§ 543] requires a custodian appointed before the bankruptcy case to deliver

to the trustee and to account for property that has come into his possession, custody, or control as a custodian. **'Property of the debtor' in section (a) includes property that was property of the debtor at the time the custodian took the property, but the title to which passed to the custodian.**

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 370 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 84–85 (1978), U.S.Code Cong. & Admin.News, 1978, pp. 5787, 5870–5871, 6326 (emphasis added).

**11.** "Although this court is confronted with turnover from a custodian, pursuant to § 543, rather than § 542, the two cases are functionally identical." *Matter of Willows of Coventry, Ltd. Partnership,* 154 B.R. 959, 965 (Bankr.N.D.Ind.1993). This Court agrees.

or through its avoidance powers, property in the hands of a receiver is property of the bankruptcy estate at the onset of the case.

■ In addition to the above-stated reasons, and as previously set forth in this Court's January 5, 1995 Order on Motion to Dismiss, this Court finds that the authority to review and approve professionals' fees, which are part of or related to a bankruptcy case, constitutes a separate and independent basis on which this Court has jurisdiction and authority to hear the within adversary proceeding. *See,* 11 U.S.C. § 329 and Rules 2016 and 2017, Fed.R.Bankr.P.

Section 329 of the United States Code, and Rule 2017, Fed.R.Bankr.P., give expansive reach to the Bankruptcy Court for reviewing, approving or disapproving, attorney's fees incurred for services 'in any way related to the bankruptcy case.' These provisions are meant to protect the creditors and the debtor against overreaching by attorneys. Fees are reviewable by the Bankruptcy Court not withstanding [sic] the source of payment. *In re Walters,* 868 F.2nd [sic] 665, 667–668 (4th Cir.1989).

Even if payments to a debtor-in-possession's counsel are from third-party funds and not estate funds, under Section 329 the Bankruptcy Court has jurisdiction to review and order the return of improper fees °to any entity which paid them. *In re Land,* 116 B.R. 798 (D.Colo.1990), *aff'd and remanded by,* 943 F.2d 1265 (10th Cir.1991).

\* \* \* \* \* \*

The argument advanced by [Porter], that neither the Debtor–in–Possession nor the Court have the jurisdiction or authority to examine counsel's transactions, services, and fees with the Debtor, either pre or post-petition, completely ignores the tone, tenor, and content of the Bankruptcy Code and applicable rules.

Finally, it is at least arguable that if the argument advanced by [Porter] in the Motion to Dismiss were to be adopted by the Court, a logical conclusion derived from such a decision would render all disbursements made by the Receiver, and all property otherwise held or controlled by, and then disbursed or distributed by the Receiver, to be beyond the reach of the Debtor–in–Possession and the Bankruptcy Court. A logical extension of [Porter's] argument would completely eviscerate the principles and practices governing bankruptcy law and practice.

Order on Motion to Dismiss, entered January 5, 1995, p. 3 (footnote omitted).

## IV. *Conclusion.*

This Court must, therefore, conclude that assets held by a custodian, here the Receiver constitute property of the estate, as of the commencement of the Debtor's case and prior to their turnover pursuant to Section 543(b)(1). Any other interpretation could deprive the bankruptcy estate of assets and property essential to its rehabilitation effort and thereby frustrate the congressional purpose behind the reorganization provisions of the Code. *See, Whiting Pools, supra,* 462 U.S. at 208, 103 S.Ct. at 2315.

Accordingly, it is

ORDERED that the Motion to Reconsider Order on Motion to Dismiss filed by Vicki S. Porter and Vicki S. Porter, P.C. on January 6, 1995 is DENIED.