■ EVERYTHING YOGURT, INC., Respondent, v JOSEPHINE TO-SCANO et al., Appellants, et al., Defendant. [649 NYS2d 163] —In an action, *inter alia,* to set aside a conveyance of real property as fraudulent, the defendants Elsa and Josephine Toscano appeal, as limited by their brief, from (1) so much of a judgment of the Supreme Court, Westchester County (Coppola, J.), dated March 24, 1995, as, upon an order of the same court entered January 27, 1995, granting the plaintiff's motion for leave to enter a default judgment against the appellants, *inter alia,* set aside the conveyance of Elsa Toscano's interest in the property to Josephine Toscano, and (2) so much of an order of the same court entered January 31, 1996, as denied their motion purport-

edly for leave to renew and reargue the plaintiff's motion for a default judgment and to vacate the judgment dated March 24, 1995.

Ordered that the judgment dated March 24, 1995, is affirmed insofar as appealed from, with one bill of costs; and it is further,

Ordered that the order entered January 31, 1996, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument.

Prior to October 1992, the defendant John Toscano and his wife, the appellant Elsa Toscano, were the record owners of certain real property located at 45 Ridge Street in Eastchester, New York. By deed dated September 28, 1992, and recorded October 8, 1992, John and Elsa conveyed the property to the appellant Josephine Toscano. In November 1992, the plaintiff commenced an action to recover damages for the breach of a promissory note against John and Elsa and an entity known as Steaks on the Run, Inc., and in September 1993 judgment was entered in that action in favor of the plaintiff in the amount of $215,220.15.

In June 1994 the plaintiff commenced the instant action pursuant to Debtor and Creditor Law §§ 273, 275, and 276, against John, Elsa, and Josephine to set aside the conveyance of the property as fraudulent. Although the defendants served a joint answer to that complaint, they failed to respond to an amended complaint which was served on or about October 19, 1994. Additionally, Josephine failed to respond to interrogatories served upon her on or about October 28, 1994. In December 1994, after the time to answer the amended complaint had passed, the plaintiff moved for leave to enter a default judgment against all of the defendants for failure to answer the amended complaint, and additionally to strike Josephine's pleading because of her failure to respond to the interrogatories. The plaintiff subsequently withdrew the motion as against the defendant John, as he filed a voluntary petition in bankruptcy in November 1994 and thereby obtained an automatic stay of all proceedings against him pursuant to 11 USC § 362 (a). The Supreme Court granted the motion against the remaining defendants, the appellants, finding that John's bankruptcy petition did not stay the action as against them. The action against John was severed, and a judgment issued against the appellants, setting aside the conveyance of Elsa's interest in the property to Josephine. Elsa and Josephine then moved, *inter alia,* for leave to renew and reargue the plaintiff's motion for leave to enter a default judgment, as well as to vacate the

judgment dated March 24, 1995. The court denied the motion, and Elsa and Josephine appeal.

The plaintiff's action against Elsa to set aside the alleged fraudulent conveyance was not subject to an automatic stay pursuant to 11 USC § 362 (a). Even absent a claim against her husband, the debtor, an independent basis for the action against Elsa existed by virtue of the conveyance of her interest in the property to Josephine (cf., In re Colonial Realty Co., 980 F2d 125, 131-132; In re Saunders, 101 BR 303, 305). Thus, John was not a necessary party to an action against Elsa and Josephine.

The appellants' contention that the entire action was stayed pursuant to 11 USC § 362 (a) (3) is without merit. "Until a judicial determination has been made that the property was, in fact, fraudulently transferred, it is not property of the [debtor's] estate" (In re Saunders, supra, at 305; see also, In re Colonial Realty, supra, at 130-131). Therefore, the appellants' time to serve an answer to the amended complaint, or to respond to the interrogatories, was not stayed by the defendant John's filing in bankruptcy, and the court properly entered a default judgment against them. Moreover, the appellants' contention that they did not serve an answer to the plaintiff's amended complaint due to their good faith belief that the entire proceeding was automatically stayed pursuant to 11 USC 362 (a) is disingenuous, since their default in answering occurred prior to the commencement of John's bankruptcy proceeding. In any event, the appellants' erroneous assumption that there was no need to answer the amended complaint does not constitute a valid excuse for their default (see, Awad v Severino, 122 AD2d 242).

Finally, the portion of the order entered January 31, 1996, which determined a motion by the appellants Elsa and Josephine denominated as one for renewal and reargument, is not appealable because their motion was based on facts which were fully known to them at the time they submitted opposition to the plaintiff's original motion, and which could have been raised at that time. Accordingly, the portion of the order appealed from, in effect, denied reargument (see, e.g., Mgrditchian v Donato, 141 AD2d 513; Matter of Bosco, 141 AD2d 639; Chiarella v Quitoni, 178 AD2d 502). Since no appeal lies from an order denying reargument, the appeal from that order is dismissed (see, DeFreitas v Board of Educ., 129 AD2d 672).

The remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.