17-463-bk
*Stillwater Liquidating LLC v. SFN DeKalb et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand eighteen.

PRESENT:   RICHARD C. WESLEY,
                      DENNY CHIN,
                      SUSAN L. CARNEY,
                                *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE:  STILLWATER ASSET BACKED OFFSHORE
FUND LTD.,
                                *Debtor*,

                                                                    17-463-bk

STILLWATER LIQUIDATING LLC,
                                *Plaintiff-Appellant,*

                      v.

SFN DEKALB HOLDINGS and CL-RP
STONECREST LLC,
                                *Defendants-Appellees.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]       The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT:       DAVID B. GOROFF (Douglas E. Spelfogel,
                               Katherine R. Catanese, *on the brief*), Foley &
                               Lardner LLP, New York, NY.


FOR DEFENDANT-APPELLEE          DAVID KENT FIVESON, Butler, Fitzgerald,
SFN DEKALB HOLDINGS:            Fiveson & McCarthy, P.C., New York, NY.


FOR DEFENDANT-APPELLEE          RICHARD F. HARRISON (Thomas A. Draghi,
CL-RP STONECREST LLC:          *on the brief*), Westerman Ball Ederer Miller
                               Zucker & Sharfstein, LLP, Uniondale, NY.

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Stillwater Liquidating LLC ("Stillwater") is a court-approved entity charged with pursuing recoveries on behalf of creditors of Stillwater Asset Backed Offshore Fund Ltd. (the "Debtor") and its related investment funds (collectively, the "Funds"). Stillwater appeals from a January 18, 2017 judgment of the district court (Daniels, *J.*) affirming an order of the Bankruptcy Court (Wiles, *B.J.*) holding that a Georgia state foreclosure action (the "Foreclosure Order") and subsequent transfers of real property (the "Hillandale Property") did not violate an automatic stay imposed pursuant to 11 U.S.C. § 362(a) in the Debtor's Chapter 11 bankruptcy proceeding. The district court explained its reasoning in a memorandum decision and order entered January 17, 2017.

- 2 -

Stillwater argues that the Bankruptcy Court erred because the Foreclosure Order and subsequent transfers of property: (1) constituted an "act to obtain the property of the estate"; (2) involved the enforcement of a "claim against the Debtor"; and (3) were "legally certain" to impact the Debtor's property. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Review of an order of a district court issued in its capacity as an appellate court is plenary. *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1388 (2d Cir. 1990). The factual determinations and legal conclusions of the bankruptcy court are thus reviewed independently by this Court. *Id.* The bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*. *Id.*

We conclude that the Foreclosure Order and subsequent transfers of the Hillandale Property did not violate the automatic stay under 11 U.S.C. § 362(a).

1. **Property of the Estate**

First, the Foreclosure Order was not an "act to obtain . . . property of the estate," within the meaning of 11 U.S.C. § 362(a)(3). We agree with the bankruptcy court and district court that the Debtor's property interests -- including any of the Debtor's legal and equitable interests in the Hillandale Property -- had been conveyed prior to the 2012 bankruptcy stay as part of the Debtor's 2010 asset purchase agreement with Asia Special Situations Acquisitions Company ("ASSAC"), which became Gerova Financial Group, Ltd. ("Gerova") in conjunction with the transfer of assets.

Stillwater's efforts to distinguish this case from *In re Colonial Realty Co.*, 980 F.2d 125 (2d Cir. 1992), are unavailing. In *Colonial Realty*, we explained that fraudulently conveyed property is not "property of the estate" within the meaning of 11 U.S.C. § 362(a)(3) unless and until the property is recovered by the estate. *Id.* at 131; *see also, e.g., In re Saunders*, 101 B.R. 303, 305 (Bankr. N.D. Fla. 1989) ("[A]llowing the debtor to retain an interest, legal or equitable, in fraudulently transferred property conceivably places a cloud on the title of any property transferred by the debtor until there is a judicial determination. . . . This result was clearly not contemplated by Congress.").

Stillwater attempts to cast its theory as one of "conversion" of the Debtor's express trust interest in a lien on the Hillandale Property. We agree with defendant-appellee CL-RP Stonecrest LLC ("CL-RP"), however, that per the Debtor's participation agreement with the Stillwater Asset Backed Fund LP (the "Onshore Fund"), the Debtor did not hold a "lien interest" on the Hillandale Property. Instead, the Debtor held an interest in the cash flow of the Onshore Fund's loan to Top Flight Investment LLC ("Top Flight"), and that cash flow was held in trust by the Onshore Fund as an asset of the trust. Although Stillwater also argues that the Debtor held a "beneficial interest" in the loan collateral (the Hillandale Property), we agree with CL-RP and the district court that this interest "conferred no general right to real property or title upon the holder." Appellee CL-RP's Br. at 21; *see also* Sp. App. 10; J. App. 2445.

In any event, Stillwater conceded that all of the Debtor's legal and equitable interests in real property -- including the Hillandale Property -- were conveyed pre-petition before the 2012 bankruptcy stay.[1]

2. **Claims Against the Debtor**

Second, the Foreclosure Order and subsequent transfers of the Hillandale Property did not involve an action to enforce "a claim against the debtor" within the meaning of 11 U.S.C. § 362(a)(1). The Hillandale Property foreclosure was premised on outstanding real property taxes owed by the non-Debtor, Top Flight, to a non-creditor, the Tax Commissioner of DeKalb County, and the Foreclosure Order involved defendant-appellee SFN DeKalb Holdings, a Top Flight creditor with a first priority lien interest in the property. At the time of foreclosure, not only had the Debtor sold its "participation interests" in the Onshore Fund's loan -- for which the Hillandale Property served as collateral -- but the Debtor also did not have a recorded interest in the real property nor was it a party to the foreclosure proceedings. Accordingly, the Foreclosure Order and the subsequent sales of the property occurred independently of any interest the Debtor now claims to have, and thus did not involve the enforcement of a "claim against the Debtor." 11 U.S.C. § 362(a)(1).

---

[1] Stillwater alleges that its property interests were converted, but as noted above, it failed to establish a claim for conversion.

### 3. Legally Certain to Impact Estate Property

Finally, the Foreclosure Order and subsequent transfers were not "legally certain[ ] to impact estate property." *Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 208 (2d Cir. 2014). We disagree with Stillwater's contention that this Court's decision in *In re 48th Street Steakhouse, Inc.*, 835 F.2d 427 (2d Cir. 1987), is legally indistinguishable. There, we held that a debtor's interest in property could cause a bankruptcy stay to affect a relationship with a non-debtor where an action was legally certain to impact estate property. *See id.* at 430-31. Unlike here, the debtor in that case had a legal interest in a property that was subject to termination, *i.e.*, the termination of a prime lease that would automatically terminate the Debtor's sublease. *See id*. We agree with the district court, however, that Stillwater's theory "for [Debtor's] purported property interest is far more attenuated" than that in *48th Street Steakhouse.* Sp. App. at 13. Here, Debtor did not hold a recorded interest in the actual Hillandale Property.

In *Picard v. Fairfield Greenwich Limited*, we narrowed the reach of *48th Street Steakhouse* and "decline[d] to extend our holding . . . to automatically stay actions taken against third parties that are only factually likely, as opposed to legally certain, to impact estate property." 762 F.3d at 208. We are not persuaded that Debtor's alleged interest in the Hillandale property (its original participation interest in a share of payments from the Top Flight Loan, which loan was secured by the Hillandale Property), is, if anything, more than "factually likely" to impact estate property. *Id.*

We have considered Stillwater's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk