In re ALL DENOMINATIONAL NEW CHURCH, Debtor.

All Denominational New Church, Debtor–Appellant,

v.

Joel Pelofsky, U.S. Trustee–Appellee.

No. 01–6053WM.

United States Bankruptcy Appellate Panel for the Eighth Circuit.

Submitted: Oct. 4, 2001.

Filed: Oct. 31, 2001.

Richard C. Tolbert, Kansas City, MO, pro se.

Sherri L. Wattenbarger, Paula C. Acconcia, Kansas City, MO, for appellee.

Before WILLIAM A. HILL, SCOTT, and DREHER, Bankruptcy Judges.

DREHER, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court dismissing Debtor's Chapter 11 case. For the reasons stated below, we affirm.

## FACTS

All Denominational New Church ("Debtor") is an unincorporated association. Richard Charles Tolbert ("Tolbert") is its founder and minister. Since March 1997, Tolbert has filed eight consecutive Chapter 13 bankruptcy cases in the Western District of Missouri. The first six cases were dismissed for failure to file schedules or a Statement of Financial Affairs. On March 13, 2000, Tolbert filed his seventh Chapter 13 case in the name "Richard Charles Tolbert, a/k/a Concopa, a/k/a All Denominational New Church." Less than one month later, the bankruptcy court dismissed this case and ordered that Tolbert not file another bankruptcy case for 180 days thereafter. On October 13, 2000, the 180–day period having expired, Tolbert filed his eighth Chapter 13 case. In the interim, on September 15, 2000, Tolbert filed the instant Chapter 11 case on behalf of Debtor. All of these cases were filed on a pro se basis.

In the instant Chapter 11 bankruptcy case, a creditor, Jackson County, Missouri, filed a motion for relief from the automatic stay so as to proceed with a tax foreclosure sale on Debtor's properties. On October 18, 2000, slightly more than one month following the filing of the case, the bankruptcy court issued an order granting Jackson County relief from the stay. Debtor appealed this order. The United States District Court for the Western District of Missouri affirmed. Debtor then appealed to the United States Court of Appeals for the Eighth Circuit. That appeal is still pending. However, no stay pending appeal was obtained and the properties have now been sold.

Meanwhile, on December 27, 2000, the United States Trustee moved for an order compelling Debtor to file monthly operating reports. After notice and a hearing, the court ordered Debtor to file, no later than March 9, 2001, operating reports for September 2000 through January 2001, and to file all monthly operating reports on a timely basis thereafter. Debtor failed to file any operating reports as ordered.

Thereafter, on March 16, 2001, the United States Trustee moved to dismiss the case for failure to comply with the bankruptcy court's prior order and failure to comply with a local rule which requires the filing of reports reasonably mandated by the United States Trustee. After notice and a hearing, the bankruptcy court issued an order dated May 15, 2001, dismissing the case. The bankruptcy court concluded that dismissal was warranted for two reasons. First, Debtor's failure to file monthly operating reports violated both the bankruptcy court's order requiring the filing of such reports and the local rule. Second, the bankruptcy court determined that there was no reasonable likelihood of reorganization because the automatic stay had been lifted so as to allow the secured creditor to proceed to sell the Debtor's property. Debtor asserts the bankruptcy court erred in dismissing the case.

## DECISION

A bankruptcy court may dismiss a Chapter 11 case "for cause." 11 U.S.C.

§ 1112(b). The bankruptcy court has "broad discretion" in deciding whether to dismiss or convert a Chapter 11 case. *Lumber Exch. Bldg. Ltd. P'ship v. Mutual Life Ins. Co. (In re Lumber Exch. Bldg. Ltd. P'ship )*, 968 F.2d 647, 648 (8th Cir. 1992). Subsection (b) of section 1112 enumerates ten examples of events or conduct that constitute cause. However, this list is not exhaustive, and the court is free to consider other factors as they arise and to use its equitable powers to reach an appropriate result in individual cases. *Hatcher v. U.S. Trustee (In re Hatcher )*, 218 B.R. 441, 448 (8th Cir. BAP 1998), *aff'd,* 175 F.3d 1024, 1999 WL 147048 (8th Cir.1999); *In re Schriock Const., Inc.*, 167 B.R. 569, 575 (Bankr.D.N.D.1994).

 The bankruptcy court did not err in dismissing Debtor's case based on its conclusion that Debtor had no ability to reorganize. Section 1112(b)(2) authorizes dismissal of a Chapter 11 case for the inability to effectuate a plan. 11 U.S.C. § 1112(b)(2). Dismissal is proper under this subsection if the court determines that it is unreasonable to expect that a plan can be confirmed in the case. *Matter of Woodbrook Assocs.*, 19 F.3d 312, 316 (7th Cir. 1994); *see also Windsor on the River Assocs. v. Balcor Real Estate Finance (In re Windsor on the River Assocs., Ltd.)*, 7 F.3d 127, 133 (8th Cir.1993)(bankruptcy court is free to dismiss a Chapter 11 case where the debtor cannot propose a confirmable plan); *In re Lumber Exchange*, 968 F.2d at 650 (same). Debtor concedes that the sole purpose if its bankruptcy case was to stay Jackson County's tax sale of certain of its properties. When the court lifted the stay and authorized Jackson County to proceed with its tax sale of these properties, it effectively foreclosed any feasible opportunity to reorganize. Although the order has been separately appealed, no stay was sought or obtained pending appeal. Consequently, the appeal notwithstanding, the properties have been sold and are no longer assets available for a reorganization.

██ Similarly, the bankruptcy court acted appropriately in dismissing the case for failure to file monthly operating reports. A failure to file monthly operating reports, whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceeding. *First Nat'l Bank v. Kerr (In re Kerr )*, 908 F.2d 400, 404 (8th Cir.1990)(affirming dismissal of Chapter 11 petition for bad faith where debtors violated court order by failing to provide monthly financial reports); *see also Cedar Shore Resort, Inc. v. Mueller (In re Cedar Shore Resort, Inc.)*, 235 F.3d 375 (8th Cir.2000); *In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y.1995) (citation omitted), *appeal dismissed, In re Tornheim*, Nos. 95 Civ. 8474(PKL) & 94–B–40031(SMB), 1996 WL 79333 (S.D.N.Y. Feb. 23, 1996).

Debtor argues that the bankruptcy court should not have granted Jackson County's motion for relief from stay. This argument comes too late and can only be addressed in the separate pending appeal from the October 18, 2000, order.

Accordingly, we affirm the order of the bankruptcy court dismissing the Debtor's Chapter 11 case.