In re Cherise **WILSON–GOMES,** Debtor.

No. 01–12360.

United States Bankruptcy Court, D. Rhode Island.

July 30, 2002.

Donald J. Nasif, Johnston, RI, for debtor.

Patrick T. Conley, East Providence, RI, for Creditor Phoenix Sapienza, RIGP.

John Boyajian, Boyajian, Harrington & Richardson, Providence, RI, Chapter 13 Trustee.

## ORDER DENYING MOTION TO ADJUDGE IN CONTEMPT AND SUSTAINING THE DEBTOR'S OBJECTION TO CLAIM

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Debtor's Motion to adjudge Phoenix Sapienza, a Rhode Island general partnership, (Phoenix), and Patrick T. Conley, Esq. in contempt for violation of the automatic stay, 11 U.S.C. § 362(a)(1), and the Debtor's Objection to Phoenix's Claim Number 14, on the ground that the claim includes attorney's fees and costs incurred by Phoenix in State Court litigation commenced after the stay was in place. For the reasons set forth below, the Objection to Claim is SUSTAINED, and the Motion to Adjudge in Contempt is DENIED.

## BACKGROUND

Unfortunately, neither side presented evidence, so the record in this proceeding is not very helpful, but after reviewing the arguments and the papers filed by the parties, chronologically at least, this is what appears to have happened: On June 12, 2001, Cherise Wilson–Gomes filed a Chapter 13 petition, listing the City of Providence as a creditor for unpaid real estate taxes, but sometime before the bankruptcy filing, the Debtor's home had been sold by the City at tax sale to Phoenix. On August 28, 2001, to perfect its tax title, Phoenix filed a petition in the Providence County Superior Court to foreclose the Debtor's right of redemption. Phoenix was not listed as a creditor[1] and says it did not have knowledge of the bankruptcy until after September 17, 2001.

The Debtor alleges that the filing of the petition was a violation of Section 362, and on September 17, 2001, moved to dismiss the foreclosure petition as void. The motion was unopposed, and the Superior Court dismissed Phoenix's petition to foreclose the Debtor's right of redemption. Asserting that the dismissal was entered in error, improperly, and without notice, Phoenix moved to vacate, and also requested a stay of the Superior Court proceeding, "pending the Debtor's bankruptcy."

---

1. Because of the incomplete record, we do not know whether the Debtor was aware of Phoenix's existence as a creditor.

The Superior Court vacated the dismissal order, stayed Phoenix from proceeding with its foreclosure activities, and restrained the Debtor from selling the real estate in question.

## DISCUSSION

■ The first question is whether Phoenix's actions in the state court (to foreclose the Debtor's right of redemption) are void or merely voidable, irrespective of whether Phoenix had actual knowledge of the bankruptcy filing. The First Circuit Court of Appeals addressed the question whether the retroactive application of stay relief against a creditor's action to obtain a state court foreclosure judgment was in contravention of the automatic stay in *Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969 (1st Cir.1997). The court said that "[s]ection 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition stays the commencement or continuation of all nonbankruptcy judicial proceedings against the debtor," *id.* at 973, and that acts committed in violation of the stay are void—not voidable. Explaining that the difference is not one of semantics, the court said:

> Treating an action taken in contravention of the automatic stay as void places the burden of validating the action after the fact squarely on the shoulders of the offending creditor. In contrast, treating an action taken in contravention of the automatic stay as voidable places the burden of challenging the action on the offended debtor. We think that the former paradigm, rather than the latter, best harmonizes with the nature of the automatic stay and the important purposes that it serves. *See generally* 3 *Collier on Bankruptcy, supra,* ¶ 362.11[1] & n. 1 (observing that most

courts hold violations void and terming this the better view).

*Soares,* 107 F.3d at 976.

■ In the instant case the petition to foreclose the Debtor's right of redemption was filed post-bankruptcy, it is clearly void. Neither Phoenix nor Conley have attempted to show how or why their action should be validated, and lack of notice or knowledge of the bankruptcy filing alone is not sufficient. Phoenix/Conley admit knowledge of the bankruptcy as of September 17, 2001, and have given no reason why they failed to seek relief from stay before proceeding in State Court. In *Soares*, the Court cautioned that "if congressional intent is to be honored and the integrity of the automatic stay preserved, retroactive relief should be the long-odds exception, not the general rule." *Id.* at 977. In this case the creditor has not even asked for retroactive stay relief, let alone set forth grounds for such an extraordinary remedy. Therefore, the Debtor's Objection to Claim Number 14 is SUSTAINED, the post-petition action taken in State Court by Phoenix and Conley is void, and no related attorney's fees or costs incurred by Phoenix are chargeable to the Debtor.

■ The Debtor also wants to have Phoenix and Conley adjudged in contempt for proceeding in the State Court without first obtaining stay relief, and while it is not clear on this record, I assume the Debtor is seeking damages under Section 362(h) for the transgression. This section provides: "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h).

■ "The standard for a willful violation of the automatic stay under § 362(h) is

met if there is knowledge of the stay and [if] the defendant intended the actions which constituted the violation." *Fleet Mortgage Group, Inc. v. Kaneb (In re Kaneb)*, 196 F.3d 265, 269 (1st Cir.1999). Since there is no evidence on this issue,[2] there is no basis upon which to make a finding that Phoenix or Conley acted *wilfully*. Because the Debtor has not even attempted to meet her burden on the issue, her request to adjudge Phoenix Sapienza and Patrick T. Conley, Esq. in contempt is DENIED.

Enter judgment in accordance with this order.

2. Although prompted by the Court to do so, the Debtor opted not to present evidence as to Phoenix/Conley's conduct, vis-a-vis wilfulness.