**In re NEWPORT CREAMERY, INC., Debtor.**

No. 01–13196.

United States Bankruptcy Court, D. Rhode Island.

March 17, 2003.

---

Joseph Avanzato, Adler, Pollock & Sheehan, Providence, RI, Joseph H. Baldiga, Mirick, O'Connell, DeMallie & Lougee, Worcester, MA, John H. Bernstein, Kutak Rock, LLP, Denver, CO, Mark E. Block, O'Brien, Shafner, Stuart, Kelly & Morris PC, Norwich, CT, David M. Boggs, MacFarlane, Ferguson & McMullen, Clearwater, FL, Paul J. Bogosian, Jr., Moore & Bogosian, Thomas E. Carlotto, Shechtman, Halperin & Savage, Barbara S. Cohen, Goldenberg & Muri, Providence, RI, Joseph P. Carroll, Woonsocket, RI, Gerald Jr. D'Avolio, Assistant Attorney General, Boston, MA, Stephen DeLeo, Bristol, RI, William J. Delaney, Tillinghast, Licht, Perkins, Smith & Cohen, Joseph M. DiOrio, Holland & Knight LLP, Peter J. Furness, Nixon, Peabody LLP, Lisa A. Geremia, Geremia & DeMarco, Providence, RI, Kenneth R. Dolbashian, Chappell & Chappell, Portsmouth, RI, Brian K. Estep, Conway & Londregan PC, New London, CT, Deena C. Ethridge, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Boston, MA, Larry M. Foyle, Tampa, FL, Gary M. Freedman, Tabas, Freedman & Soloff PA, Miami, FL, Sherrill R. Gould, Littleton, MA, Daniel B. Greenberg, Wilsonn, Orcutt, Cutter & Greenberg, Acton, MA, Van L. Hayhow, South Attleboro, MA, Gary P. Howayeck, Fall River, MA, Joseph A. Keough, Jr., Keough & Sweeney, Pawtucket, RI, James M. Koelemay, General Counsel, Atlanta, GA, Jeffrey Kurtzman, Klehr, Harrison, Harvey et al., LLP, Philadelphia, PA, Lynda L. Laing, Strauss, Factor & Lopes, Bernard J. Lemos, Charles A. Lovell, Partridge, Snow & Hahn, Providence, RI, Donald J. Lally, Jr., VanCouyghen & Lally, Wakefield, RI, John Levanti, Westerly, RI, Christine D. Lynch, Goulston & Storrs, Boston, MA, Genevieve M. Martin, Assistant Attorney General, John P. McCoy, Carroll, Kelly & Murphy, Richard S. Mittleman, Cameron & Mittleman, Providence, RI, Warren J. Martin, Jr., Riker, Danzig, Scherer, Hyland & Perretti, Morristown, NJ, Robert Masters, Acadia Realty Trust, Port Washington, NY, Michael J. Mills, Kutak Rock, LLP, Omaha, NE, William J. O'Brien, Jr., William J. O'Brien Incorporated, South Kingston, RI, Joan E. Pilver, Assistant General, Hartford, CT, Charles A. Pisaturo, Jr., Law Offices of Charles A. Pisaturo Jr., Providence, RI, Peter Brent Regan, Sayer, Meyer & Regan, Newport, RI, Stephen A. Rodio, Rodio & Brown, Providence, RI, Douglas B. Rosner, Goulston & Storrs, Boston, MA, W. Mark Russo, Ferrucci, Russo PC, Providence, RI, Matthew J. Sgambettera, Deily, Dautel & Mooney LLP, Albany, NY, David M.S. Shaiken, PC, Justin T. Shay, Cameron & Mittleman, Allan M. Shine, Winograd, Shine & Zacks, Providence, RI, Andrew G. Sholes, Sholes & Sholes, Warwick, RI, Philip C. Silverman, Stanton & Davis, Marshfield, MA, Scott T. Spear, Blish & Cavanagh, Providence, RI, Gregory A. Splagounias, U.S. Department of Labor, Office of the Solicitor, Boston, MA, Patrick J. Sullivan, Sullivan & Sullivan, Coventry, RI, Marc D. Wallick, Wallick & Associates, Warwick, RI, for creditor.

Robert N. Waldman, Warwick, RI, pro se.

Andrew S. Richardson, Boyajian, Harrington & Richardson, Providence, RI, for trustee.

Joseph T. Nottie, III, Cranston, RI, pro se.

Dominic L. Massari, III, Massari Law Group, Tampa, FL, for debtor.

### *ORDER GRANTING IN PART THE TRUSTEE'S EMERGENCY MOTION TO ENFORCE THE AUTOMATIC STAY*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on the Chapter 7 Trustee's Motion to Enforce the Automatic Stay, asserting that Keven McKenna, Esq., P.C. ("McKenna"), tried, ex parte, to obtain estate property, specifically $105,000 held in escrow by Kevin Hayes, Esq., (the property). The stay violation occurred when McKenna obtained an execution from the Providence County Superior Court and attempted to levy on the escrowed funds. McKenna argues that under Rhode Island law the $105,000 is not property of this bankruptcy estate because his execution, (allegedly) [1] first in time, gives him superior rights in the funds.

Upon consideration of the arguments and the relevant papers, and having taken judicial notice of all prior proceedings in the bankruptcy case including those in Adversary Proceeding No. 01–1118, I make the following findings and conclusions:

(1) When this case was filed, title to the property was in Newport Creamery, L.P. (hereinafter "NCLP");

(2) On September 14, 2001, the Chapter 7 Trustee filed an adversary proceeding against NCLP and various other defendants, alleging that, pre-petition, the property had been fraudulently transferred out of NCI to NCLP by Robert Swain, who controlled both entities.

(3) On September 14, 2001, the Trustee obtained a Temporary Restraining Order, and on September 21, 2001, a Preliminary

Injunction entered against NCLP, on the ground that the Trustee had established a reasonable likelihood of success on the merits of his fraudulent conveyance claim. Also, NCLP, its agents, officers, employees, successors and assigns were enjoined "from transferring, encumbering, selling, or assigning any asset of any value including but not limited to cash or funds on deposit, without the prior approval of the Chapter 7 Trustee, until either a subsequent order is entered modifying or amending this order or until the Complaint is heard and determined, whichever occurs sooner." Order Granting Request for Preliminary Injunction, September 21, 2001, A.P. No. 01–1118, Doc. No. 27;

(4) In October 2001, McKenna/NCLP sought relief from the Preliminary Injunction and for leave to market and sell the West Shore Road Property. An order was entered providing that: "NCLP is granted relief from the September 21, 2001 restraining order for the limited purpose of the sale and/or lease of the West Shore Road, Warwick, RI location...." The Order also stated:

> Except as modified above, the September 21, 2001 restraining Order against NCLP shall remain in full force and effect and shall include the proceeds from the sale, lease, sublease or transfer of the real estate located at West Shore Road, Warwick, R.I.... excepting only payment directly to holders of valid, perfected liens and mortgages from the proceeds of a sale, if any, of the West Shore Road, Warwick, RI location.

Order dated 12/14/01, A.P. No. 01–1118, Doc. No. 71.

(5) On December 19, 2001, nearly three months *after* the date of the preliminary injunction, McKenna filed a notice of attorney's lien against the property in the

---

**1.** As explained later, this turns out to be a false statement.

amount of $150,000. *See* Exhibit C to Memorandum in Support of Objection to Emergency Motion, A.P. No. 01–1118, Doc. No. 102.

(6) An affidavit of Robert Swain filed by McKenna in the Providence County Superior Court action states: "In the year 2002, Defendant Newport Creamery, LP, consented to an attorney's lien to Keven A. McKenna, P.C. upon the funds mentioned in Paragraph 5 [the $105,000] to Keven A. McKenna, P.C."

(7) In March 2002, NCLP filed an "Emergency Motion by Defendants to be Allowed to use their Funds for the Employment of Counsel." The motion alleges that "the Trustee has refused to allow Newport Creamery, LP to release to its counsel funds being held in escrow subject to a consensual attorney's lien." A.P. No. 01–1118, Document No. 90, p. 2. That motion was considered, it was denied, and the ruling is a final order. See Order dated May 7, 2002, A.P. No. 01–1118, Doc. No. 111.

■ (8) At least as of September 21, 2001, the date of the preliminary injunction, when the Trustee established a reasonable likelihood of success on the merits of his fraudulent transfer complaint, the West Shore Road store was property of this bankruptcy estate. 11 U.S.C. § 541. *See In re Ciccone,* 171 B.R. 4 (Bankr. D.R.I.1994); *In re MortgageAmerica Corp.* 714 F.2d 1266, 1275–76 (5th Cir. 1983).

(9) In January 2002, the property was sold by NCLP and the net proceeds from the sale, approximately $105,000, were placed in escrow with Kevin Hayes, Esq.

(10) The property and any proceeds of its sale were protected by very explicit restraining orders designed to prevent exactly what McKenna has tried to do. McKenna, fully aware of said restraining orders is charged with knowledge that he should return to this Court to seek *any* relief relating to this property, and he in fact did exactly that, *twice,* asking to modify the Preliminary Injunction. But when those efforts failed here, he simply went to another court, in a transparent, ex-parte, attempt to do an end run around existing restraining orders of this Court.

(11) The so-called consensual lien was arranged between Swain and McKenna in 2002, *after* the issuance of the Restraining Order and Preliminary Injunction, so even under McKenna's flawed legal reasoning, his alleged lien is not prior in time to anything relevant here.

■ (12) Because 28 U.S.C. 1334(e)[2] gives this Court exclusive jurisdiction over the subject property and any proceeds related thereto, the order and execution obtained by McKenna in the state court regarding the $105,000 in Attorney Hayes' escrow account are clearly void. *See In re Wilson–Gomes,* 281 B.R. 503 (Bankr.D.R.I. 2002).

(13) Pursuant to the Order Granting Application to Compromise entered by this Court on October 25, 2002, Kevin Hayes, Esq., is ordered (again) to transfer to the Trustee, *this time forthwith,* all proceeds relating to the sale of the West Shore Road property;

(14) Upon the transfer of the sale proceeds by Attorney Hayes to the Trustee, the restraining order entered on November 22, 2002 shall be automatically vacated; and

**2.** "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the prop- erty, wherever located, of the debtor as of the commencement of such case, and of property of the estate."

(15) The Court will conduct a status conference in this matter on March 27, 2003, at 9:30 a.m., to consider the Trustee's request for damages and sanctions under 11 U.S.C. § 362(h), and any potential claim of Mr. McKenna for procuring the sale of this property.