**In re Gregory JOHNSON, Debtor.**

**No. 04–35452–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 3, 2006.

Edward N. Port, Coral Springs, FL, for debtor.

Robin R. Weiner, Fort Lauderdale, FL, trustee.

*ORDER GRANTING IN PART AND DE-NYING IN PART AFFILIATED PROPERTIES, INC.'S MOTION FOR IMPOSITION OF ADMINIS-TRATIVE CLAIM AS EQUITABLE LIEN UPON THE REAL PROPER-TY CLAIMED AS HOMESTEAD AND FOR IMPOSITION OF PAY-MENT OBLIGATION UPON DEBT-OR'S COUNSEL, JOINTLY AND SEVERALLY*

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on November 8, 2005, upon the Motion for Imposition of Administrative Claim as Equitable Lien Upon the Real Property Claimed as Homestead and for Imposition of Payment Obligation Upon Debtor's Counsel Jointly and Severally ( "Motion for Imposition of Payment Obligation"), filed by Affiliated Properties, Inc. ("Affiliated"). The Court, having considered the evidence presented, the argument of counsel, and the record herein, and being fully advised in the premises, grants in part and denies in part the Motion for Imposition of Payment Obligation, incorporating its findings of facts and conclusions of law pursuant to Bankruptcy Rules 9014 and 7052.

### JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and Bankruptcy Rule 9014.

### PROCEDURAL BACKGROUND

This case was commenced on November 30, 2004, with the Debtor's filing of his chapter 13 petition. The Debtor was and continues to be represented by The Cohen Law Firm, P.A., through its principal Brian J. Cohen, Esq. and its associate Edward N. Port, Esq. Prior to the petition date, a foreclosure judgment was entered against the Debtor regarding his home located at 3290 North Seacrest Boulevard, Boynton Beach, Florida. The foreclosure judgment was entered by the Circuit Court for the 15th Judicial Circuit, in and for Palm Beach County, Florida, in the case of BankOne, National Association, as Trustee vs. Gregory Johnson, Rose Johnson, et. al., Case No. CA–04–6359–AW, on November 3, 2004 (Affiliated Ex. 2). Contemporaneously, the Clerk of Court for the 15th Judicial Circuit scheduled a foreclosure sale, which was conducted on December 2, 2004. Affiliated was the high bidder, and a Certificate of Sale was issued in favor of Affiliated on December 2, 2004 (Affiliated Ex. 3), followed by the issuance of a Certificate of Title on December 14, 2004 (Affiliated Ex. 4). However, prior to the foreclosure sale, the Debtor filed his chapter 13 petition.

The Debtor filed a Suggestion of Bankruptcy with the Clerk of Court for Palm Beach County on December 16, 2004 (Affiliated Ex. 5) (the Certificate of Service for the Suggestion of Bankruptcy, signed by Brian J. Cohen, Esq., as counsel for the

Debtor, was dated December 10, 2004). The real property sold at the aforementioned sale ostensibly constitutes the Debtor's homestead, and thus, with the Debtor's November 30, 2004 bankruptcy filing, was subject to the automatic stay imposed by 11 U.S.C. § 362.

The Debtor filed his bankruptcy schedules on December 27, 2004 (C.P. 8), listing the aforementioned property as his homestead subject to the mortgage of BankOne. On February 10, 2005, the Debtor filed his chapter 13 plan (C.P. 14), which proposed to cure the purported arrearage due to BankOne of $13,011.67 over the course of the Debtor's 60–month plan. Thereafter, on February 23, 2005, Affiliated filed its Motion for Determination and Allowance of Administrative Claim, and for such Further Relief as may be Appropriate Pursuant to 11 U.S.C. § 105 ("Motion for Administrative Claim"—C.P. 17). After notice and hearing, this Court entered its March 16, 2005 Order Determining and Allowing Administrative Claim of Affiliated Properties, Inc. (C.P. 19), awarding an administrative claim in favor of Affiliated in the amount of $6,246.76 for attorney's fees and expenses incurred as a result of the failure by the Debtor, through his counsel, to provide timely notice to the Clerk of the Circuit Court for Palm Beach County of the Debtor's bankruptcy filing prior to the foreclosure sale of the Debtor's homestead. In its March 16, 2005 order, this Court retained jurisdiction to consider a further award of attorney's fees. On August 10, 2005, this Court entered its Order Granting in Part, Reserving in Part and Denying as Moot in Part Affiliated Properties, Inc.'s I) Motion to Vacate Order of Dismissal; II) Motion for Judgment as Lien Against the Debtor's Homestead Property; III) For Order Imposing Administrative Claim Amount Against Debtor's Counsel Jointly and Severally as Sanctions and Awarding Additional Administrative Claims (sic.) (C.P. 44). By way of the August 10th Order, this Court determined that the Debtor was liable to Affiliated for an additional $5,219.68 in supplemental attorney's fees, costs, and accrued interest, together with the remaining unpaid balance of $5,200.41 due pursuant to the Court's March 16, 2005 Order. Thus, the Debtor remains obligated to Affiliated in the aggregate amount of $10,420.09. The Court also retained jurisdiction to consider the propriety of further relief; namely, the imposition of an equitable lien against the Debtor's homestead and the imposition of the accumulated fees incurred by Affiliated against counsel for the Debtor as a sanction.

## ANALYSIS

### IMPOSITION OF EQUITABLE LIEN

In determining whether to grant Affiliated's Motion for Imposition of Payment Obligation, the Court initially must determine whether Affiliated's administrative claim qualifies for treatment as an equitable lien. Courts must look to applicable state law when determining whether an equitable lien should be imposed. *In re Tsiolas,* 236 B.R. 85, 88 (Bankr.M.D.Fla. 1999); *In re Abrass,* 268 B.R. 665, 683 (Bankr.M.D.Fla.2001). It has long been established that an equitable lien is an extraordinary remedy to be applied only where the law fails to give relief and justice would suffer without the imposition of such a lien. *Jones v. Carpenter,* 90 Fla. 407, 106 So. 127, 129 (1925). Equitable liens have been granted to a creditor to the extent that its funds were used to pay a preexisting mortgage. *Palm Beach Savings & Loan Ass'n, F.S.A. v. Fishbein,* 619 So.2d 267, 270 (Fla.1993). Likewise, the imposition of an equitable lien may be appropriate where a creditor's funds have

been used to purchase materials or services for the improvement of the property of another. *Jones*, 90 Fla. 407, 106 So. at 129; *Rinker Materials Corp. v. Palmer First National Bank and Trust Company of Sarasota*, 361 So.2d 156 (Fla.1978). The imposition of an equitable lien under these circumstances effectuates the doctrine of equitable subrogation, whereby a creditor whose funds are utilized to pay for services, the non-payment of which would give rise to a right of lien against the real property, is subrogated to the rights of that creditor who did receive payment. *Rinker Materials*, 361 So.2d at 158. For example, when a contractor performs work on real property which would give rise to the imposition of a lien against said property to secure payment for his work, a subsequent creditor whose funds are used to pay for the contractor's services is subrogated to the rights of the contractor, i.e., the right to have the subject debt secured by a lien on the property.

▆ It is now clearly established that the imposition of an equitable lien against homestead property is limited to those circumstances wherein the owner of the property has acquired proceeds by fraud or reprehensible conduct to either invest in, purchase, or improve the homestead. *Havoco of America, Ltd. v. Hill*, 790 So.2d 1018, 1028 (Fla.2001). In all circumstances, in order to warrant the imposition of an equitable lien, the funds, payment of which are to be secured by the equitable lien, must be directly traceable to the real property in question, having unjustly enriched the Debtor's interest in that property.

▆ In the present case, this Court determined, in its March 18, 2005 Order Determining and Allowing Administrative Claim of Affiliated Properties, Inc., that Affiliated was entitled to an administrative claim against the Debtor's estate for the costs and fees incurred as a result of the Debtor's failure to provide timely notice of his bankruptcy filing. The allowed administrative claim included sales and registration fees, the cost of the documentary stamps, insurance, interest, and attorney's fees. The allowed administrative claim, however, did not include funds that were used to pay for any preexisting mortgage obligation or for any goods or services utilized to improve the Debtor's homestead. Likewise, no evidence was presented that would establish fraudulent or reprehensible conduct by the Debtor with regard to the attorney's fees and expenses which compose Affiliated's administrative claim. Therefore, the imposition of an equitable lien against the subject property would be inappropriate.

## IMPOSITION OF PAYMENT OBLIGATION UPON DEBTOR'S COUNSEL

▆ Courts are vested with the power to impose submission to their lawful mandates. *Anderson v. Dunn*, 6 Wheat. 204, 19 U.S. 204, 5 L.Ed. 242 (1821).

> But if there is one maxim which necessarily rides over all others, in the practical application of government, it is, that the public functionaries must be left at liberty to exercise the powers which the people have intrusted in them. The interests and dignity of those who created them, require the exertion of the powers indispensable to the attainment of the ends of their creation.

*Id.* at 226.

▆ A primary aspect of this power is the ability to fashion an appropriate sanction for any conduct which abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45, 111 S.Ct. 2123, 2132–2133, 115 L.Ed.2d 27 (1991). Rule 11 of the Federal Rules of Civil Procedure, as

well as Rule 9011 of the Federal Rules of Bankruptcy Procedure, provide mechanisms by which a Federal court may sanction frivolous attorney conduct where, by signing, filing, and later advocating a pleading or other paper, an attorney has certified to the court that such submissions are not being presented for an improper purpose. Sanctions under Rule 11 and Bankruptcy Rule 9011 are warranted when the papers are frivolous, legally unreasonable, or without foundation and also where the papers are filed in bad faith or for improper purpose. *Glatter v. Lynn Mroz,* 65 F.3d 1567 (11th Cir.1994). Sanctions under Rule 11 and 9011 are permissible only if the objectionable court paper is signed in violation of the rule. *Jones v. International Riding Helmets, Ltd.,* 49 F.3d 692, 694 (11th Cir.1995) (*citing Pelletier v. Zweifel,* 921 F.2d 1465, 1507 (11th Cir.1991)). In such circumstances, the court is obligated to impose sanctions even if signed in good faith. *Jones,* 49 F.3d at 695 (*citing McGuire Oil Co. v. Mapco, Inc.,* 958 F.2d 1552, 1563 (11th Cir.1992)).

 However, the language of the referenced rules is no substitute for the Court's inherent power to fashion an appropriate sanction. *Chambers,* 501 U.S. at 46, 111 S.Ct. 2123. Thus, Rule 11 and Bankruptcy Rule 9011 do not limit the nature of conduct as to which the Court my impose sanctions, as the inherent power of the Court extends to the full range of litigation abuses. *Id.* A Court may assess attorney's fees as a proper sanction for conduct that is in bad faith, vexatious, wanton, or for oppressive reasons. *Roadway Express v. Piper,* 447 U.S. 752, 766, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

> The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may

assess those expenses against counsel who willfully abuse judicial processes. *Id.* at 766, 100 S.Ct. 2455.

 The term "willful" is defined as voluntary and intentional conduct, not necessarily performed with malicious intent. *Black's Law Dictionary* 1593 (7th ed.1999). A "voluntary" act is one that is unconstrained by interference or not impelled by outside influence, *Id.* at 1569, and "intentional" describes conduct effected with the aim of carrying out the act. *Id.* at 814, 100 S.Ct. 2455. Furthermore, when an act leading to a result could have been reasonably expected to cause that result, the Court may impute upon a party the constructive intent to perform the specific act. *Sena v. Travelers Ins. Co.,* 801 F.Supp. 471, 474 (D.N.M.1992); *K.A.G. v. Stanford,* 148 Wis.2d 158, 434 N.W.2d 790, 793 (1988); *In re Yackley,* 37 B.R. 253, 256 (Bankr.W.D.Mo.1983).

 The Debtor *sub judice* filed his chapter 13 petition on November 30, 2004, two days prior to the scheduled foreclosure sale of his claimed homestead. However, due to the failure by attorneys Cohen and Port to file a Suggestion of Bankruptcy or some other paper or pleading with the Clerk of the Circuit Court, giving notice of the Debtor's bankruptcy filing, the foreclosure sale proceeded as scheduled, and Affiliated was the successful bidder, only to have its purchase rescinded by a subsequent order of the Circuit Court entered on April 14, 2005 (Affiliated Ex. 2—Docket Entry Nos. 46 and 47).

Administrative Order 3.013, entered by Judge Walter N. Colbath, former Chief Judge of the Fifteenth Judicial Circuit for Palm Beach County, Florida on April 19, 2000, and still in effect, provides:

> 1. Every attorney who represents a debtor or bankrupt who is a defendant to a foreclosure action pending in Divi-

sion AW, or, in the case of an individual(s) named as a defendant in a pending foreclosure action, every such defendant, shall upon the filing of a bankruptcy petition, immediately deliver to the Clerk of Court either:

a) A copy of the Bankruptcy Petition commencing such bankruptcy case; or

b) A Notice or Suggestion of Bankruptcy, styled in the pending foreclosure action, reflecting the case name and number of the bankruptcy case, and the date upon which the bankruptcy petition was filed.

2. If, at the time of the filing of the bankruptcy petition, a foreclosure sale has been scheduled, counsel for the defendant(s), or if unrepresented, the defendant pro se, shall deliver a copy of the Petition or Suggestion of Bankruptcy to the Clerk of Court, 205 North Dixie Highway, Room 3.23, Attention–Foreclosure Department, West Palm Beach, Florida 33401, prior to the date and time of the scheduled foreclosure sale.

The purpose of the Notice of Suggestion of Bankruptcy is to provide notice to the Clerk of the Fifteenth Judicial Circuit, as well as to all parties in interest, that the automatic stay provisions of 11 U.S.C. § 362 have been invoked, thereby effectively staying the foreclosure sale of a debtor's homestead.

*Sub judice,* Gregory Johnson's counsel ultimately did file a Suggestion of Bankruptcy with the Clerk of Court for Palm Beach County on December 16, 2004, two days after the Debtor's right of redemption had expired, and after a Certificate of Title for the subject property had been issued (on December 14, 2004). The Suggestion of Bankruptcy, as filed, was accompanied by a Certificate of Service dated December 10, 2004, signed by Brian J.

Cohen, Esq. as counsel for the Debtor. By failing to timely file the Suggestion of Bankruptcy, Debtor's counsel effectively misused the judicial process of the Bankruptcy Code, and of this Court, in an attempt to provide the Debtor with an opportunity to de-accelerate BankOne's mortgage encumbering the Debtor's homestead. Based upon the aforedescribed circumstances, the actions undertaken by Messrs. Cohen and Port constitute a willful failure to comply with a lawful administrative order of the Fifteenth Judicial Circuit and a willful abuse of this Court's judicial process, whether by gross negligence or by voluntary and intentional act.

## CONCLUSION

The Court has thoroughly examined all relevant facts and case law proffered in support of Affiliated's Motion for Imposition of Payment Obligation to determine the propriety of imposing an equitable lien against the Debtor's homestead, and for imposing joint and several liability upon Debtor's counsel as to the administrative claim awarded Affiliated for the fees and costs incurred relating to the aborted foreclosure sale of the Debtor's homestead. Therefore, this Court grants the Motion for Imposition of Payment Obligation Upon Debtor's Counsel, Jointly and Severally holding The Cohen Law Firm, P.A. and Edward N. Port, Esq. jointly and severally liable for the aggregate fees and expenses incurred by Affiliated as a direct result of the aforedescribed conduct, in the aggregate amount of $10,420.09. This Court denies Affiliated's Motion for Imposition of Administrative Claim as Equitable Lien Upon the Real Property Claimed as Homestead as such a claim is not of a nature warranting the imposition of an equitable lien.