Justice Alito,
with whom The Chief Justice, Justice Scalia, and Justice Thomas join, dissenting.
Under the clear terms of the Bankruptcy Code, a debtor who initially files a petition under Chapter 7 has the right to convert the case to another chapter under which the case is eligible to proceed. The Court, however, holds that a debt- or’s conversion right is conditioned upon a bankruptcy judge’s finding of “good faith.” Because the imposition of this condition is inconsistent with the Bankruptcy Code, I respectfully dissent.
I
The Bankruptcy Code unambiguously provides that a debtor who has filed a bankruptcy petition under Chapter 7 has a broad right to convert the case to another chapter. Title 11 U. S. C. § 706(a) states:
“[A] debtor may convert a case under this chapter to a case under chapter 11,12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title.”
The Code restricts a Chapter 7 debtor’s conversion right in two — and only two — ways. First, § 706(a) makes clear that the right to convert is available only once: A debtor may convert so long as “the case has not been converted [to Chapter 7] under section 1112, 1208, or 1307 of this title.” Second, § 706(d) provides that a debtor wishing to convert to another chapter must meet the conditions that are needed in *377 order to “be a debtor under such chapter.” Nothing in § 706(a) or any other provision of the Code suggests that a bankruptcy judge has the discretion to override a debtor’s exercise of the § 706(a) conversion right on a ground not set out in the Code. Thus, a straightforward reading of the Code suggests that a Chapter 7 debtor has the right to convert the debtor’s case to Chapter 13 (or another chapter) provided that the two express statutory conditions contained in § 706 are satisfied.
This reading of the Code is buttressed by the contrast between the terms of § 706 and the language employed in other Code provisions that give bankruptcy judges the discretion to deny conversion requests. As noted, § 706(a) says that a Chapter 7 debtor “may convert” the debtor’s case to another chapter. Chapters 11, 12, and 13 contain similar provisions stating that debtors under those chapters “may convert” their cases to other chapters. See §§ 1112(a), 1208(a), and 1307(a) (2000 ed. and Supp. IV). Chapters 11, 12, and 13 also contain separate provisions governing conversion requests by other parties in interest. For example, the applicable provision in Chapter 11 provides:
“On request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 11 of this title at any time.” § 706(b) (emphasis added).
See also §§ 1112(b), 1208(b), (d), and 1307(c).
In these sections, parties in interest are not given a right to convert. Rather, parties in interest are authorized to request conversion. And the authority to convert, after notice and a hearing, is expressly left to the discretion of the bankruptcy court, which “may convert” the case if the general standard of “cause” is found to have been met. If the Code had been meant to give a bankruptcy court similar authority when a Chapter 7 debtor wishes to convert, the Code would have used language similar to that in §§ 1112(b), 1208(b), (d), *378 and 1307(c). Congress knew how to limit conversion authority in this way, and it did not do so in § 706(a).
In Chapter 7, Congress did directly address the consequences of the sort of conduct complained of in this case. In § 727(a)(3), Congress specified that a debtor may be denied a discharge of debts if “the debtor has concealed . . . records, and papers, from which the debtor’s financial condition or business transactions might be ascertained.” The Code further provides that discharge may be denied if the debtor has “made a false oath or account” or “presented or used a false claim.” § 727(a)(4). In addition to blocking discharge, Congress could easily have deemed such conduct sufficient to bar conversion to another chapter, but Congress did not do so.
Instead of taking that approach, Congress included in the statutory scheme several express means to redress a debt- or’s bad faith. First, if a bankruptcy court finds that there is “cause,” the court may convert or reconvert a Chapter 11 or Chapter 13 restructuring to a Chapter 7 liquidation. §§ 1112(b), 1307(c). Second, a Chapter 13 debtor must propose a repayment plan to satisfy the debtor’s creditors — a plan that is subject to court approval and must be proposed in good faith. §§ 1325(a)(3), (4); accord, § 1328(b)(2). Third, a debtor’s asset schedules are filed under penalty of perjury. 28 U. S. C. § 1746; Fed. Rule Bkrtcy. Proc. 1008. Fourth, a Chapter 13 case is overseen by a trustee who is empowered to investigate the debtor’s financial affairs, to furnish information regarding the bankruptcy estate to parties in interest, and to oppose discharge if necessary. 11 U. S. C. §§ 704(4), (6), and (9). See also § 1302(b) (defining the powers of a Chapter 13 trustee in part by reference to the powers of a Chapter 7 trustee). These measures, as opposed to the “good faith” requirement crafted by the Court, represent the Code’s strategy for dealing with debtors who engage in the type of abusive tactics that the Court’s opinion targets.[1]
*379 In sum, the Code expressly gives a debtor who initially files under Chapter 7 the right to convert the case to another chapter so long as the debtor satisfies the requirements of the destination chapter. By contrast, the Code pointedly does not give the bankruptcy courts the authority to deny conversion based on a finding of “bad faith.” There is no justification for disregarding the Code’s scheme.
II
In reaching the conclusion that a bankruptcy judge may override a Chapter 7 debtor’s conversion right based on a finding of “bad faith,” the Court reasons as follows. Under § 706(d), a Chapter 7 debtor may not convert to another chapter “unless the debtor may be a debtor under such chapter.” Under § 1307(c), a Chapter 13 proceeding may be dismissed or converted to Chapter 7 “for cause.” One such “cause” recognized by bankruptcy courts is “bad faith.” Therefore, a Chapter 7 debtor who has proceeded in “bad faith” and wishes to convert his or her case to Chapter 13 is not eligible to “be a debtor” under Chapter 13 because the debtor’s case would be subject to dismissal or reconversion to Chapter 7 pursuant to § 1307(c). I cannot agree with this strained reading of the Code.
The requirements that must be met in order to “be a debtor” under Chapter 13 are set forth in 11 U. S. C. §109 (2000 ed. and Supp. V), which is appropriately titled “Who may be a debtor.” The two requirements that are specific to Chapter 13 appear in subsection (e). First, Chapter 13 is restricted to individuals, with or without their spouses, with regular income. Second, a debtor may not proceed under Chapter 13 if specified debt limits are exceeded.[2]
*380 As the Court of Appeals below correctly understood, § 706(d)’s requirement that a debtor may convert only if “the debtor may be a debtor under such chapter” obviously refers to the chapter-specific requirements of §109. In re Marrama, 430 F. 3d 474, 479, n. 3 (CA1 2005).
Rather than reading §§ 109(e) and 706(d) together, the Court puts § 109(e) aside and treats § 706(d) as a separate repository of additional requirements (namely, the absence of the grounds for dismissal or reconversion under § 1307(c)) that a Chapter 7 debtor must satisfy before conversion to Chapter 13. But § 1307(c) plainly does not set out requirements that an individual must meet in order to “be a debtor” under Chapter 13. Instead, § 1307(c) sets out the standard (“cause”) that a bankruptcy court must apply in deciding whether, in its discretion, an already filed Chapter 13 case should be dismissed or converted to Chapter 7. Thus, the Court’s holding in this case finds no support in the terms of the Bankruptcy Code.
In holding that a bankruptcy judge may deny conversion based on “bad faith,” the Court of Appeals appears to have been influenced by the belief that following the literal terms of the Code would be pointless. Id., at 479-481. Specifically, the Court of Appeals observed that if a debtor who wishes to convert from Chapter 7 to Chapter 13 has exhibited such “bad faith” that the bankruptcy court would immediately convert the case back to Chapter 7 under § 1307(c), then no purpose would be served by requiring the parties and the court to go through the process of conversion and prompt reconversion. Id., at 481.
It is by no means clear, however, that conversion under § 706(a) followed by a reconversion proceeding under § 1307(c) would be an empty exercise. The immediate prac *381 tical effect of following the statutory scheme is compliance with Bankruptcy Rule 1017(f), which applies Bankruptcy Rule 9014 to the reconversion. Fed. Rule Bkrtcy. Proc. 1017(f)(1). Rule 9014(a), in turn, requires that the request be made by motion and that “reasonable notice and opportunity for hearing ... be afforded the party against whom relief is sought.” The Court’s decision circumvents this process and forecloses the right that a Chapter 13 debtor would otherwise possess to file a Chapter 13 repayment and reorganization plan, 11 U. S. C. § 1321, which must be filed in good faith and which must demonstrate that creditors will receive no less than they would under an immediate Chapter 7 liquidation, §§ 1325(a)(3) and (4); accord, § 1328(b)(2). While the plan must be filed no later than 15 days after filing the petition or conversion, the debtor may file the plan at the time of conversion, i. e., before the reconversion hearing. Fed. Rule Bkrtcy. Proc. 3015(b).
Moreover, it is not clear whether, in converting a case “for cause” under § 1307(c), a bankruptcy court must consider the debtor’s plan (if already filed) and, if the plan must be considered, whether the court must take into account whether the plan was filed in good faith, whether it honestly discloses the debtor’s assets, whether it demonstrates that creditors would in fact fare better under the plan than under a liquidation, and whether the plan in some sense “cures” prior bad faith. Today’s opinion renders these questions academic, and little is left to guide what a bankruptcy court must consider, or may disregard, in blocking a § 706(a) conversion.[3]
The Court notes that the Bankruptcy Code is intended to give a “‘“fresh start”’” to the “‘“honest but unfortunate debtor.” ’ ” Ante, at 367,374 (quoting Grogan v. Garner, 498 U. S. 279, 286, 287 (1991)). But compliance with the statutory scheme — conversion to Chapter 13 followed by notice *382 and a hearing on the question of reconversion — would at least provide some structure to the process of identifying those debtors whose “ ‘bad faith’ ” meets the Court’s standard for consignment to liquidation, i. e., “ ‘bad faith’ ” conduct that is “atypical” and “extraordinary.” Ante, at 375, n. 11.
III
Finally, the Court notes two alternative bases for its holding. First, the Court points to 11 U. S. C. § 105(a), which governs a bankruptcy court’s general powers.[4] Second, the Court suggests that even without a textual basis, a bankruptcy court’s inherent power may empower it to deny a § 706(a) conversion request for bad faith. Obviously, however, neither of these sources of authority authorizes a bankruptcy court to contravene the Code. On the contrary, a bankruptcy court’s general and equitable powers “must and can only be exercised within the confines of the Bankruptcy Code.” Norwest Bank Worthington v. Ahlers, 485 U. S. 197, 206 (1988); accord, SEC v. United States Realty & Improvement Co., 310 U. S. 434, 455 (1940) (“A bankruptcy court.. . is guided by equitable doctrines and principles except in so far as they are inconsistent with the Act”).
Ultimately, § 105(a) and a bankruptcy court’s inherent powers may have a role to play in a case such as this. The problem the Court identifies is a real one. A debtor who is convinced that he or she can successfully conceal assets has a significant incentive to pursue Chapter 7 liquidation in lieu of a Chapter 13 restructuring. If successful, the debtor preserves wealth; if unsuccessful, the debtor can convert to Chapter 13 and land largely where the debtor would have *383 been if he or she had fully disclosed all assets and proceeded in Chapter 13 in the first instance.
Bankruptcy courts have used their statutory and equitable authority to craft various remedies for a range of bad faith conduct: requiring accountings or reporting of assets;[5] enjoining debtors from alienating estate property;[6] penalizing counsel;[7] assessing costs and fees;[8] or holding the debtor in contempt.[9] But whatever steps a bankruptcy court may take pursuant to § 105(a) or its general equitable powers, a bankruptcy court cannot contravene the provisions of the Code.
Because the provisions of the Code rule out the procedure that was followed in this case by the Bankruptcy Court, I would reverse the judgment of the Court of Appeals.

 And as noted above, 11 U. S. C. § 727(a)(4) also addresses such conduct, making it a bar to discharge, but not to conversion.

 “Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975, or an individual with regular income and such individual’s spouse, except a stockbroker or a commodity broker, that owe, on the date *380 of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 may be a debtor under chapter 13 of this title.” § 109(e) (footnote omitted).

 Indeed, the only procedural guidance for such a situation is Federal Rule of Bankruptcy Procedure 1017(f)(2), which requires the filing of a motion to convert by the debtor and service thereof.

“The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.” § 105(a).

See, e.g., In re All Denominational New Church, 268 B. R. 536 (Bkrtcy. App. Panel CA8 2001) (affirming dismissal for failure to comply with required monthly reporting); In re Martin’s Aquarium, Inc., 225 B. R. 868,880 (Bkrtcy. Ct. ED Pa. 1998) (“[A] debtor may, in an appropriate case, be required to produce an accounting, and ... a bankruptcy court does indeed have the power to so order [this equitable remedy]”).

 See, e. g., In re Bartmann, 320 B. R. 725, 732-733 (Bkrtcy. Ct. ND Okla. 2004); In re Newport Creamery, Inc., 293 B. R. 293 (Bkrtcy. Ct. RI 2003); In re Peklo, 201 B. R. 331 (Bkrtcy. Ct. Conn. 1996).

 See, e. g., In re Everly, 346 B. R. 791, 797 (Bkrtcy. App. Panel CA8 2006) (bankruptcy court’s § 105 powers include authority to sanction counsel); In re Brooks-Hamilton, 329 B. R. 270 (Bkrtcy. App. Panel CA9 2005) (upholding sanction and suspension of debtor’s counsel); In re Washington, 297 B. R. 662 (Bkrtcy. Ct. SD Fla. 2003).

See, e.g., In re Deville, 280 B. R. 483 (Bkrtcy. App. Panel CA9 2002); In re Johnson, 336 B. R. 568, 573 (Bkrtcy. Ct. SD Fla. 2006); In re Couch-Russell, No. 00-02226,2003 WL 25273863 (Bkrtcy. Ct. Idaho, Apr. 2, 2003); In re Gorshtein, 285 B. R. 118 (Bkrtcy Ct. SDNY 2002).

 See, e. g., In re Sekendur, 334 B. R. 609 (Bkrtcy. Ct. ND 111. 2005) (imposing contempt sanction for serial and vexatious bankruptcy filing); In re Tolbert, 258 B. R. 387 (Bkrtcy Ct. WD Mo. 2001) (same); In re Swanson, 207 B. R. 76 (Bkrtcy. Ct. NJ 1997) (imposing civil contempt under § 105 for failure to vacate property).